## CHASE V. WELTY.

1. **Surety:** LIABILITY OF: STAY BOND. Where the surety, against whom judgment is rendered, fails to object to a stay of execution taken by the principal, he will be presumed to have consented to such stay; and in that case, the surety on the stay bond, as between him and such original surety, will not be charged with primary liability to pay the judgment.

2. ———: WAIVER OF REDEMPTION. Where the original surety makes no objection to a stay of execution on the judgment, he is presumably a party thereto, and has thereby waived his right to redeem his lands subsequently sold on execution to satisfy the judgment.

*Appeal from Page Circuit Court*

THURSDAY, DECEMBER 8.

THIS action was brought to set aside an execution sale of land, and a deed made in pursuance thereof. The plaintiff averred in his petition in substance that the sale was wrongfully and irregularly made, and should be set aside for that reason.

He also averred in his petition that he had offered to redeem, and he prayed that, in case the sale is held valid, he be allowed to redeem therefrom.

The defendant denied the allegations of the petition.

After the commencement of the action the plaintiff, Charles Chase, died intestate, and his heirs, Geo. H. Chase, C. M. Chase and Celia Clark, were substituted as plaintiffs. The court rendered a decree allowing the plaintiffs to redeem by paying the amount necessary for that purpose within thirty days from the date of the decree. The defendant appeals.

*Hepburn & Thummell* and *James McCabe*, for appellant.

*W. W. Morseman* and *C. S. Keenan*, for appellees.

ADAMS, CH. J.—I.    The first question presented is as to whether the sale ought to be set aside. The plaintiffs contend that it ought, because the debt upon which the land was sold was the defendant's debt, and that what he paid ostensibly in the purchase of the land should be treated as a payment of the debt.

For a correct understanding of this point it is necessary for us to give a brief history of the transactions which resulted in the sale. The judgment under which the sale was made was rendered against one Hill who was the principal debtor and against Geo. H. Chase, who was surety for Hill. The land sold belonged at the time the judgment was rendered to Geo. H. Chase. The judgment became a lien upon the land. Afterwards it was sold and conveyed subject to the lien by Geo. H. Chase to his father, Charles Chase, who brought this action. The judgment debtor, Hill, stayed execution upon the judgment by filing a stay bond with the defendant, Welty, as surety. After the expiration of the stay, execution was issued and levied upon the land in question, and the land was sold under execution to the defendant Welty, who bid off the same for the amount of the debt. He demanded thereupon a sheriff's deed, claiming that as the judgment had been stayed there was no right of redemption of the land; and a sheriff's deed was executed to him in accordance with his demand.

The plaintiffs contend that Welty, by signing the stay bond,

not only became liable to pay the debt, but as between him and Geo. H. Chase, who was merely surety for the debt, it was Welty's duty to pay it and protect Chase. It is upon this ground that the plaintiffs claim that the amount paid by Welty should be treated in this action as having been paid directly in extinguishment of the debt and not in the purchase of the land. In support of their claim they cite Brandt on Suretyship, section 22, in which the author says: "A surety who becomes bound for a debt in the course of legal proceedings against the principal for the collection of the same is not co-surety with the original surety for the debt, nor entitled to contribution from him." Welty became bound for Hill's debt in the course of legal proceedings against him for the collection of the same. Hence it is said that Welty did not become a co-surety with Chase, and it is argued that if he did not become co-surety, then as between them he became primary surety, and being such, if Chase had paid the debt it would have been his right to look to Welty.

*1. SURETY: liability of: stay bond.*

In *Chaffin v. Campbell*, 4 Sneed. (Tenn.), 184, it was held in substance that where a judgment is rendered against a principal and surety, and the principal alone appeals, and the judgment is affirmed, and the surety upon the appeal bond pays the debt, he cannot look to the original surety.

Decisions in which a similar principle is held can be found elsewhere. When an appeal is taken by a principal alone and the judgment is superseded, the liability of the original surety is prolonged and it may be without his consent. His right to pay the debt and look immediately to the principal for re-imbursement is suspended. In such case it seems clear that the surety upon the appeal bond, whose action may operate to the injury of the original surety, should, as between him and the original surety, be charged with a primary liability for the debt. By a provision of the statute the same rule is made applicable where execution upon a judgment is stayed, provided it is made to appear in the proper way that the stay was taken

against the original surety's consent. It is the right of the original surety, when judgment is rendered against him, to object to any stay of execution. If he does so, no stay can be taken unless the surety for the stay will undertake specifically to pay the judgment in case the amount thereof cannot be levied of the principal. Code, § 3068.

Now this section is significant as bearing upon Welty's rights in this case. The original surety, Chase, did not object to a stay being taken, and Welty did not specifically undertake to pay the judgment under the provision of the statute above cited, yet we are asked to hold that his liability is precisely the same as it would have been if he had so undertaken. It is evident that we cannot so hold and give any force to the provision. The true idea doubtless is that where the original surety does not exercise his statutory right to object to a stay being taken, it is to be presumed that it is taken with his consent and for his supposed benefit as well as for the benefit of the principal, and the argument that his liability has been prolonged has no weight. In our opinion then the plaintiff's position that, as between Welty as surety for the stay, and Chase as original surety, there was a primary liability resting upon Welty, is not well taken.

II. But it is said that Chase had a statutory right of redemption, and offered to redeem within the time allowed. It must, we think, be conceded he had such right unless he lost it by reason of the stay being taken. Welty claims he did.

*waiver of redemption.*

Code, section 3102, provides that in no action where the defendant has stayed execution shall he be entitled to redeem. That execution was stayed as to Chase is not denied, but it is said that the stay was taken by his principal and not by him.

Neither signed the stay bond. That was signed by Welty alone. The only ground upon which it can be said that Chase's principal alone took the stay is that he alone was active in procuring the bond to be signed by Welty, and in filing the same.

Whether the plaintiffs would admit that Chase would have lost his right to redeem by any activity, however small in procuring or filing the stay bond, they do not say. But we cannot think that the question as to the right to redeem real estate should be made to depend upon a fact of such a character. Where there is a right to redeem it is the duty of the sheriff making the sale to execute to the purchaser a certificate of sale, and where there is no right to redeem, to execute to him a deed. But he has no means of determining such a fact as the activity of the execution defendant, whose property is sold, in procuring the stay where there is more than one defendant. So, too, it appears to us that bidders and purchasers at the execution sale have a right to know whether the property is subject to redemption or not. The execution defendant himself whose property is sold might suffer great injury by allowing the period of redemption to expire in reliance, upon showing that he was not active in procuring the stay, if the facts in regard to his activity were doubtful or should be misinterpreted.

If the original surety under the provision of section 3068 above cited, objects at the time judgment is rendered to any stay of execution being taken, and stay is nevertheless taken, there would be much ground for him to contend that he should not be deemed a party to the stay, and that his land if sold should be subject to redemption. But in such case his right would be apparent of record. Upon his objecting to a stay it would be the duty of the court to make an order, and from the order it would be seen that the stay had been objected to.

But where, as in this case, no objection by the original surety to the stay is made, and it is presumably taken with his consent, and for his supposed benefit, we think that the statute contemplates that he is a party to it, and in such case he must be held to have parted with his right to redeem.

The defendant contends that there was never any proper tender or offer to redeem made, and that the plaintiffs for that reason, if no other, cannot be allowed to redeem now.

Having reached the conclusion that there was at no time a right of redemption from the sale it is unnecessary to consider whether if there had been one, there was a proper attempt to exercise it within the time allowed.

The abstract presents several questions in addition to those above considered, but they are not urged by the plaintiffs in argument and we infer that they are not relied upon.

REVERSED.