Maggie L. Scott, Appellant, v. Charles A. Scott, Appellee.

**DIVORCE:** Custody of Children—Modification of Decree—When
1  Authorized. That part of a decree of divorce awarding to one
of the parties the custody of a child is a final and conclusive
adjudication that *at that time* such party is the better suited to
have such custody, and thereafter no order modifying such cus-
tody is authorized, except on a showing of a material change in
the circumstances and situation of the parties.

**JUDGMENT:** Opening or Vacating—Passing of Term—Notice of
2  Proceeding to Vacate. Power to set aside final judgments
*after the term at which rendered* must be exercised strictly in ac-
cordance with statutory regulation. (Secs. 4091-4099, Code, 1897.)
Notice of the proceeding to set aside is jurisdictional.

**ATTORNEY AND CLIENT:** Authority—When Terminated. The au-
3  thority of an attorney to prosecute an action terminates with
judgment, unless something consequent thereof is to be done
to render the judgment or the fruits thereof effective or avail-
able. So held on the entry of a decree of divorce.

**DIVORCE:** Petition—Necessary Allegations—Residence—Demurrer.
4  A petition for divorce is demurrable which contains no allega-
tion with reference to the residence of the defendant and none
with reference to the residence of the plaintiff, except to allege
that plaintiff is a resident of "Council Bluffs, Iowa." (Sec.
3172, Code, 1897.)

**DIVORCE:** Jurisdiction—Residence of Parties—Special Appearance.
5  A court having, by statute (Sec. 3171, Code, 1897), jurisdiction
of the subject-matter of a divorce, and having acquired juris-
diction over the person of the defendant by service of the
original notice on the defendant within the county, has full
jurisdiction to pass on the issue, raised by a special appearance,
whether the residence of the parties is such that the court might
entertain the suit on the merits. (Sec. 3541, Code Supp., 1913.)

**DIVORCE:** Jurisdiction—Residence of Parties—Adjudication—Col-
6  lateral Attack. He who demands of and receives from the court
an adjudication on the issue whether the residence of the parties
to a divorce proceeding is such as to confer jurisdiction on the
court to entertain the suit on the merits, and fails to appeal from
such adjudication, is forever bound thereby.

PRINCIPLE APPLIED: Plaintiff, in her action for divorce,
alleged that she was a resident of Council Bluffs, Iowa, without

stating the duration of such residence.  The original notice was served on the defendant in this state.  He entered a special appearance, for the sole purpose of attacking the jurisdiction of the court, and alleged (1) that he was not a resident of Iowa and (2) that plaintiff had not been a resident of Iowa for one year before the commencement of the suit.  The court heard the question, and held that it had jurisdiction.  Defendant excepted, but did not appeal.  Decree of divorce was granted to plaintiff with custody of her child.  Later, defendant, without notice to or knowledge of plaintiff, secured an order striking from the judgment record that part thereof relating to the custody of the child.  Plaintiff then moved, in effect, for an order restoring the expunged part of the record.  The defendant countered with the claim that the entire divorce decree was a nullity, because the court had no jurisdiction to enter the same, for the reason that he (defendant), had never been a resident of Iowa, and that plaintiff had resided in Iowa only about four months when she commenced her action.  *Held*, the former finding of the court, whether right or wrong, that the residence of the parties was such as to give the court jurisdiction on the merits, was conclusive against defendant.

*Appeal from Pottawattamie District Court.*—THOMAS ARTHUR, Judge.

TUESDAY, MARCH 14, 1916.

THE parties hereto were married in 1900 and separated in January or March, 1912.  At that time, their residence was in St. Joe, Missouri.  She, with their son Melvin, moved to Council Bluffs on April 18, 1913, and began suit for divorce August 7th following.  The petition charged him with cruel and inhuman treatment, and prayed both for divorce and the custody of the child.  Notice was served on him personally in Pottawattamie County; and, on September 3d of the same year, he filed a special .appearance, attacking the jurisdiction of the court, for that, as he alleged, his wife had not been a resident of Iowa one year before the commencement of the suit, and that he was not a resident of Iowa.  On the 10th of the same month, the court entered its order that "the special appearance of defendant is by the court overruled."  As there was no further appearance, the defendant was defaulted and a

decree of divorce entered, as prayed, September 30, 1913, and it was "further ordered that the plaintiff have the custody and control of Melvin A. Scott, the minor child of plaintiff and defendant." On October 22d thereafter, defendant moved that the decree be modified by striking therefrom the provision as to the custody of the child; and, on November 29th following, the court entered an order, reciting that the cause came up with attorneys on each side present, the entry of the decree as stated, the filing of a stipulation that said motion might be heard during the September term or at any subsequent term of the court, and then as follows:

"Now on this 29th day of November, 1913, this cause coming up on the said motion, it is agreed in open court that all provisions in the decree above referred to as to the care, custody and control of the said Melvin A. Scott, the minor child of plaintiff and defendant, shall be stricken and cancelled. It is therefore ordered and adjudged that the following words, to wit: 'It is further ordered that plaintiff have the custody and control of Melvin A. Scott, the minor child of plaintiff and defendant,' as the same appear in the decree of this court in the case of Maggie L. Scott, plaintiff, v. Charles A. Scott, defendant, in Record 51, at page 19, be and the said words are hereby stricken, cancelled and expunged from the record."

Subsequently, on February 5, 1914, the plaintiff, by the same attorney, filed a motion for an order amending the decree and for an order awarding to plaintiff the custody of said child, and stating as grounds therefor that the decree as originally entered gave her such custody, which she then had; that the motion to strike the clause relating to the custody of the child from said decree was without her knowledge or consent; that "the said court, without the knowledge of the plaintiff, and without her consent, and without any personal notice to her, did strike out of the decree that clause which awarded to her the custody of said minor child;" that the child continued in her custody until February 3, 1914, when defend-

ant surreptitiously obtained possession of the child when attending school and carried him out of the state and is concealing his whereabouts. She alleged further that the defendant "has no home and no place where said child can be properly cared for and that the interests of said child demand that the custody of said child be given to plaintiff. Said plaintiff further charged the fact to be that said child was stolen from said plaintiff in order to harass and annoy plaintiff, the defendant knowing that he has no home and no place where said child can be properly cared for. Plaintiff therefore prayed that this motion be sustained and that an order be made in said cause awarding the legal custody of said child to the plaintiff." Subsequently, on May 15, 1914, the motion was amended by alleging that the plaintiff then had possession of the child in this state, but that the defendant had threatened many times to take him from her, and plaintiff prayed that he be restrained from interfering with her custody of the child. A temporary writ of injunction issued accordingly. On June 23d following, the defendant filed a resistance to the motion "in regard to the custody of said child, alleging that plaintiff was an improper person to have such care and custody, first, because she has no means to support said child, and, second, because she was morally unfit to have such care and custody;" and he prayed that the care of said child be awarded to him. Hearing was had on the 24th and 25th days of June, 1914, and the day following, the court entered an order overruling the plaintiff's motion, and awarded the custody of the child to the defendant, Charles A. Scott, though granting to the plaintiff the privilege of visiting him at reasonable times. The plaintiff appealed, and was allowed to retain custody upon giving bond. See *Scott v. Wheeler,* 170 Iowa 99.—*Reversed.*

*Kimball & Peterson,* for appellant.

*Tinley, Mitchell, Pryor & Ross,* for appellee.

LADD, J.—The petition praying that the bonds of matri-

mony be severed was filed August 7, 1913. The original notice was served personally on the defendant in Pottawattamie County; and, on September 3d of the same year, he specially appeared and challenged the jurisdiction of the court on the grounds that the plaintiff, at the beginning of the suit, had not resided in Iowa the year preceding, and that he was not a resident of Iowa. This was overruled September 20th, and on September 30, 1913, as he did not appear generally, default was entered against him, and on hearing, a decree of divorce, including an order awarding the custody of their child, Melvin A. Scott, then five years of age, to the plaintiff, was entered as prayed. On October 22d following, the defendant moved that the portion of the decree giving plaintiff the custody of the child be stricken therefrom, and this motion was sustained on stipulation of the attorneys, November 29, 1913. The plaintiff moved, on February 5, 1914, for an order amending the decree and awarding plaintiff the custody of the child, on two grounds: (1) The order entered November 29th was without personal notice to her and without her knowledge or consent; and (2) for that defendant is without home or place for the proper care of the child, and the latter's interest would be best served if he be in plaintiff's custody. By way of resistance, defendant alleged plaintiff to be an improper person to have custody of the child because of being without means and morally unfit.

I. An examination of the record discloses that there has been no material change in the circumstances or situation of

1. DIVORCE: custody of children: modification of decree: when authorized.

the parties since the entry of the decree, September 30, 1913. If one were then the better suited to care for their son than the other, as the court then decided, the decree should not be modified. *Ferguson v. Ferguson*, 111 Iowa 158; *Crockett v. Crockett*, 132 Iowa 388; *Youde v. Youde*, 136 Iowa 719.

II. The modification of the decree, by striking therefrom the provision relating to the custody of the child, was

without authority. This order was entered at the term fol-
lowing that at which the decree was entered,
and therefore could not properly have been
made on the court's own motion or without
notice to the plaintiff. *Perry v. Kaspar,* 113
Iowa 268; *McConnell v. Avey,* 117 Iowa 282;
*Ellis v. Remley,* 115 Iowa 381; *Okey v. Sigler,* 82 Iowa 94;
*Hawkeye Ins. Co. v. Duffie,* 67 Iowa 175. That the plaintiff
knew nothing of the filing of this motion to strike, and received
no notice thereof, is not disputed, nor had
she employed counsel to represent her, save in
procuring the decree of divorce, being attor-
neys other than those now representing her.
Their engagement ended with the entry of the decree. The
employment of attorneys to prosecute suit always terminates
with judgment or decree, unless something consequent thereof
is to be done to render the judgment or decree or fruits thereof
effective or available. 3 Am. & Eng. Ency. of Law (2d Ed.)
329; 4 Cyc. 952. As plaintiff was then in possession of the
child, there was nothing more to be done, and her then attor-
neys were without authority to appear in response to the
motion to strike, or to enter into any stipulation with reference
thereto. It follows that the court was without jurisdiction in
striking from the decree the order giving the custody of the
child to the plaintiff, and such order should have been
expunged from the record, or, what would have been equiva-
lent thereto, the decree should have been amended, as prayed
in the motion, by restoring it as originally entered, giving
plaintiff the custody of the child.

III. It is argued, however, and the district court so
found, that the court was without jurisdiction in entering
the original decree, in that the petition did not allege juris-
dictional facts. It averred that the "plaintiff
is a resident of Council Bluffs, state of Iowa,
and such residence has been in good faith and
not for the purpose of obtaining a decree of

*Margin notes:*

2. JUDGMENT: opening or vacating: passing of term: notice of proceeding to vacate.

3. ATTORNEY AND CLIENT: authority: when terminated.

4. DIVORCE: petition: necessary allegations: residence: demurrer.

divorce only.'' There was no other allegation with reference
to the residence of either party. The theory of the defendant
is that, independent of statute, the courts are without juris-
diction to grant divorce, and that, as such jurisdiction is con-
ferred in connection with the procedure prescribed, this also
is jurisdictional and must be pursued strictly. This is cor-
rect, in so far as the matter of residence is concerned; for
Section 3171, Code, 1897, declares that ''the district court in
the county where either party resides has jurisdiction of the
subject-matter of this chapter.'' If ''one of the parties to a
marriage contract resides in the county, jurisdiction of the
subject-matter is conferred on the district court, and the stat-
utes relating to its exercise are to be interpreted and con-
strued as are others relating to procedure.'' *Gelwicks v. Gel-
wicks,* 160 Iowa 675; *Richardson v. King,* 157 Iowa 287;
*Mengel v. Mengel,* 145 Iowa 737. Undoubtedly the petition
was defective, and must have been so held on

5. DIVORCE: juris-
diction: resi-
dence of par-
ties: special
appearance.

demurrer. It was not assailed, however, and
as, under the statute quoted, the court was
given jurisdiction over the subject-matter and
acquired jurisdiction over the person by service of the original
notice on defendant within the county, nothing was wanting
in its authority to pass on the issues involved. Our statute
differs from those in many states in not exacting, as a pre-
requisite to jurisdiction, residence within the state a specified
time. *Rumping v. Rumping,* (Mont.) 12 L. R. A. (N. S.)
1197, and note.

The fact that either party is a resident confers on the
courts of this state the power to hear and determine the issue
affecting complainant's status as raised in the petition.

6. DIVORCE: juris-
diction: resi-
dence of par-
ties: adjudica-
tion: collater-
al attack.

Whether the residence of the parties hereto
was such as to endow the court with such
power was specifically raised by defendant
in specially appearing, on the grounds that
plaintiff had not been a resident of the state
a year preceding the commencement of the action, and the

defendant had never been a resident of the county. Jurisdiction over the subject-matter may not be questioned in some states on special appearance (*Elliott v. Lawhead,* 43 Ohio St. 171), while the rule in others permits that over subject-matter, as well as person, to be challenged. *Porter v. Chicago & N. W. R. Co.,* 1 Neb. 14; *Meixell v. Kirkpatrick,* 29 Kan. 679.

Sec. 3541, Code Supp., 1913, provides that:

"Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case."

This conferred the right on the defendant to appear and specifically object to the jurisdiction of the court, either over his person or the subject-matter of the suit. His application was strictly within the scope of the statute, and invoked the jurisdiction of the court to pass only on the question as to whether the court had jurisdiction over the subject-matter, i. e., whether the residence of the parties was such that the court might entertain the suit for divorce on the merits. The ruling was necessarily defended on a finding of facts by the court and adverse to the defendant. Whether he then might have pleaded to the merits without waiving exception to the ruling is a point on which the authorities are in conflict. As he did not plead to the merits, the error in the ruling, if such it were, was available to him on appeal; and, as he did not so challenge it, the order of the district court in holding the residence of one or both of the parties such as to confer jurisdiction is binding on him. That he accepted it as such appears from his subsequently recognizing the validity of the decree by moving to correct it by striking a portion therefrom and in not assailing it in any manner in resisting plaintiff's motion to amend by restoring the clause stricken on his motion. We are not to be understood as approving or disapproving this ruling. All now held is that the defendant, having procured an adjudication on the issue as to whether the court

had jurisdiction to entertain the suit, is not in a situation to ignore the same and treat or have treated the decree as a nullity. Possibly on appeal it might have been reversed. But defendant did not avail himself of that remedy. Having invoked the power of the court to pass on the issue of whether it had jurisdiction to hear, depending on the facts as the court might find them, and decide, its decision thereon was quite as conclusive and no more subject to collateral attack than had the ruling been on the merits of the case. The court erred in treating the decree of divorce as void, in not holding the order striking the clause awarding the child to plaintiff therefrom as void, because having been entered without jurisdiction; and, as there had been no change in the circumstances and conditions of the parties since, should have continued the child in the custody of plaintiff.—*Reversed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.