MABEL B. NEWCOMER, Appellant, v. CARL S. NEWCOMER, Appellee.

**APPEARANCE:** Special Appearance—Matters Presented. Matters purely defensive may be presented and disposed of on a special appearance, *both parties consenting thereto.*

**DIVORCE:** Pre-existing Decree—Collateral Attack. It is not permissible for a party to an action for divorce to plead the invalidity of a former and existing decree of divorce which was obtained by the fraud or duress of one of the parties. Such attack is clearly collateral, the decree attacked being voidable only.

**DIVORCE:** Jurisdiction—Estoppel to Question. A party who prays for and receives a decree of divorce, accepts the full benefit thereof, and later seeks thereunder an increase in alimony, may not question the jurisdiction of the court to grant the said decree.

**DIVORCE:** Validity of Decree—Estoppel. A party is estopped to question the validity of a decree of divorce after fully availing herself of the benefit of the decree, and after the marriage of the adverse party.

**DIVORCE:** Decree—Collusion—Effect. A decree of divorce obtained by the collusion of the parties to the proceedings may not be attacked by either party.

Headnote 1: 4 C. J. p. 1325 (1926 Anno.) Headnote 2: 19 C. J. pp. 174 (1926 Anno.), 175; 34 C. J. p. 566. Headnote 3: 19 C. J. p. 176. Headnote 4: 19 C. J. p. 176. Headnote 5: 19 C. J. pp. 168, 176.

*Appeal from Hardin District Court.*—H. E. FRY, Judge.

JANUARY 20, 1925.

ACTION for divorce, met with special appearance and motion to dismiss, which was sustained, and appeal is taken therefrom.— *Affirmed.*

*Williams & Steinberg, William H. Salisbury,* and *Stipp, Perry, Bannister & Starzinger,* for appellant.

*Aymer D. Davis* and *C. H. E. Boardman,* for appellee.

ALBERT, J.—I.   On the 13th day of May, 1913, appellant procured a decree of divorce from the appellee in the district court of Iowa in and for Tama County.   This decree gave the appellant costs, including attorney's fees, $1,000 cash alimony, $200 a month for 5 years, and $100 a month after that time, so long as the appellant should remain unmarried.   In 1922, appellant filed a petition in the same court to modify said decree and increase the monthly alimony.   While a demurrer to this application was pending, the appellant dismissed the application on the 23d day of July, 1922; and on the 26th day of July, 1922, she filed her petition in this case in the district court of Hardin County, Iowa.   In the present petition she makes the usual allegations for a divorce on the grounds of cruel and inhuman treatment and adultery.   She further pleads the Tama County decree, and alleges that it is void because neither the appellant nor the appellee was a resident of Tama County at the time said decree was procured, and further alleges that said proceedings in Tama County were instituted and the decree procured through false and fraudulent representations made to her at the time, by the appellee; not of her own free will, but through duress at the hands of the appellee.   In due time, the appellee herein filed what he designates a "special appearance and motion to dismiss petition for want of jurisdiction."   In this paper the appellee, in substance, sets up three matters which he claims show want of jurisdiction in the Hardin County court.   He says:

1.   That there is no jurisdiction because, by reason of the Tama County decree, the relation of husband and wife did not exist between the appellant and the appellee at the time this action was brought.

2.   That the statute of limitations has barred the plea of fraud and duress.

3.   That the appellant is estopped by reason of having received the benefits provided for in the Tama County decree; that the appellee, acting in good faith on that decree and its provisions, has since married, and has one child now living.

Under Section 3541 of the Supplement to the Code, 1913, the defendant is entitled to appear specially and object to the jurisdiction of the court.   We have held, contrary to the current rule in most states, that this statute is broad enough to warrant the defendant in objecting to the jurisdiction of the subject-matter, as well as that of the persons.   *Scott v. Scott,* 174 Iowa 740, at 747.

1. APPEARANCE: special appearance: matters presented.

The substance of the special appearance and motion filed herein raises three questions.   The first amounts to a plea of former adjudication; the second, a plea of statute of limitations; and the third, a plea of estoppel.   Each one of these pleas is purely defensive, and generally would be held not the subject of a special appearance.   More than this, any one of these pleas would ordinarily amount to a general appearance; but the status of the present case is somewhat peculiar.

This alleged special appearance and motion are in no way attacked by the plaintiff herein, by motion, demurrer, or otherwise.   Both parties seem content to submit the case on the record thus made; and we will so treat it.

As to the plea of the plaintiff attacking the Tama County decree on account of fraud and duress, it is elementary that the decree procured by fraud and duress is voidable, and not void.   *Kwentsky v. Sirovy,* 142 Iowa 385.   It being a voidable decree, the attack here made is, therefore, collateral.   It is said in 34 C. J. 521, at Note 55:

2. DIVORCE: pre-existing decree: collateral attack.

"* * * If the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or has been necessary to its success, then the attack upon the judgment is collateral."

In the present proceedings, she seeks a divorce and alimony,

incidentally attempting, necessary to her success, to overturn the Tama County decree. So viewed from either angle, the attack made on that decree is collateral; and we hold that the Tama County decree cannot be collaterally attacked in the Hardin County court, so far as this matter of fraud and duress is concerned.

Section 3171 of the Code of Iowa, 1897, provides:

"The district court in the county where either party resides has jurisdiction of the subject-matter of this chapter" (divorce, alimony, etc.).

Under this section, at least one of the parties to the divorce proceedings must be a resident of the county where the divorce is pending, in order to give jurisdiction of the subject-matter.

The Tama County decree specially finds that the court had jurisdiction both of the subject-matter and of the persons. Appellant alleges in her petition, however, that neither she nor

**3. DIVORCE: jurisdiction: estoppel to question.**

the appellee was a resident of Tama County at the time the decree was entered. Plaintiff, however, affirmed this decree by her application for an increase of alimony, in the petition filed by her in Tama County in 1922. If the appellant were in a position to take advantage of this matter, we might hold that the Tama County decree was void for want of jurisdiction; as the appellee, in his showing, does not deny plaintiff's assertion that neither of them was a resident of Tama County at the time of the entering of the decree; but we do not pass upon this proposition, by reason of the matters to which reference is hereinafter made.

II. The appellant herein was the plaintiff in the Tama County divorce proceedings. She was compelled to establish, before she was entitled to procure that decree, that she or her

**4. DIVORCE: validity of decree: estoppel.**

husband was, at the time of the commencement of that proceeding, a resident of Tama County. In that proceeding, the court proceeded to a decree, and necessarily and actually found that it had jurisdiction of both the persons and the subject-matter involved. The appellant herein, therefore, either by herself or by some of her witnesses, or by some other means, must have satisfied the court

that either she or her husband, at the time, was a resident of Tama County. Under the allegations she now makes, she says that this finding of residence was not true. The plaintiff having procured the Tama County decree under these circumstances, and having affirmed the same by her application made in 1922 for additional alimony, and having accepted the benefits of that decree, we are of the opinion that she cannot now be heard to say that the Tama County district court was without jurisdiction. She seeks to avoid this situation by asserting that the decree was procured by fraud and duress. As hereinbefore stated, that is a collateral attack on the Tama County judgment, and is not available in this proceeding.

III. She shows, in her affidavit and application for temporary alimony and support money, that the appellee has fully and faithfully carried out the provisions of the Tama County decree, so far as he is concerned. He has made all payments to her as therein provided, and was so doing, and tendered payments, at the time of the commencement of this suit. He availed himself of the provisions of said decree by shortly thereafter marrying another woman, with whom he is still living, and has one child. This set of facts, all of which are either stated or admitted by the appellant, creates a perfect estoppel against her; and she cannot be heard to gainsay the validity of the Tama County judgment. *Ellis v. White,* 61 Iowa 644; *Mohler v. Shank,* 93 Iowa 273; 19 Cyc. 176, Note 23.

Again, plaintiff alleges, with reference to the Tama County proceeding, "that all of the same was done with the assistance and connivance of the defendant, at his instance, suggestion, and request," thus asserting that the decree was procured through collusion between appellant and appellee, and by a commission of fraud on the Tama County court. That the courts will not countenance an attack upon such a decree by either party is fully elucidated in *Ferry v. Ferry,* 9 Wash. 239 (37 Pac. 431), where it states:

5. DIVORCE: decree: collusion: effect.

"It is enough to say that the authorities are decidedly against such a proposition, and that courts cannot be used in that way." *Karren v. Karren,* 25 Utah 87 (69 Pac. 465); *Ban-*

*croft v. Bancroft,* 178 Cal. 359 (173 Pac. 579); *Moor v. Moor,* 24 Texas Civ. App. 150 (63 S. W. 347).

The real purpose of the plaintiff herein is not a good-faith effort to set aside the Tama County decree for the purpose of re-establishing the marriage status between them, but appears solely to be an effort on her part to increase the monthly allowance to her that was provided for her in the Tama County decree. Her proceedings herein, therefore, do not appeal to the conscience of the chancellor, as she has no equity whatever in her case. Whether this matter be treated as a special appearance or general, it is perfectly obvious, under the record, that she should have, and has, no standing in this matter, and no cause of action against the defendant. This being true, the action of the district court in dismissing the plaintiff's petition was correct, and is, therefore,—*Affirmed.*

Faville, C. J., and Evans, Stevens, Arthur, and De Graff, JJ., concur.