G. H. H. SCHULTE, Administrator, Appellee, v. GREAT LAKES FORWARDING CORPORATION, Appellee; POLICYHOLDERS MUTUAL CASUALTY COMPANY OF DES MOINES, Appellant.

No. 45118.

April 2, 1940. :

Rehearing Denied September 27, 1940.

Kenline, Roedell & Hoffman, for appellant.

D. D. Murphy & Son, for appellee.

Miller, J.—This appeal presents only the question of jurisdiction of the district court over the subject matter of the litigation as to the appellant, Policyholders Mutual Casualty Company. The question is presented on an appeal from a ruling on a special appearance. The facts appear solely in the pleadings and supporting affidavits.

On April 20, 1938, the plaintiff filed an unverified petition at law naming two defendants, the Great Lakes Forwarding Corporation and the Policyholders Mutual Casualty Company. The action was for damages for alleged wrongful death of the plaintiff's decedent. The petition is in two counts. Count No. 1 asserts the following facts: Plaintiff is the administrator of the estate of Ethel Kann, deceased. The Great Lakes Forwarding Corporation is engaged in the transportation of freight, particularly what is known as automobile carrier units, with its principal office in Chicago, Illinois; the state of its incorporation is unknown; it is operating under and by virtue of a permit of the railroad commission within the state of Iowa;

service cannot be obtained on it within the state of Iowa. The Policyholders Mutual Casualty Company is an insurance company with its principal place of business at Des Moines, Iowa; it issued a policy to the Great Lakes Forwarding Corporation, a copy of which policy is attached to the petition; the policy purports to afford the coverage required under the provisions of chapter 252-A1 or 252-C1 of the Code of Iowa, 1935, and is limited to the state of Iowa. On October 21, 1937, there was a collision between a motor carrier of the defendant Great Lakes Forwarding Corporation and a truck in which the decedent was riding; decedent was injured and died from such injuries; the injuries were caused by the negligence of said defendants; the decedent was free from contributory negligence. In count No. 1, negligence on the part of the Great Lakes Forwarding Corporation was asserted under the doctrine res ipsa loquitur. Count No. 2 of the petition incorporated count No. 1 and undertook to assert in addition thereto specific allegations of negligence. Recovery was demanded in the sum of $7,500.

On April 21, 1938, an original notice was filed showing service of the same on the Policyholders Mutual Casualty Company by serving its assistant secretary at Des Moines, Iowa, on April 13, 1938. Service upon the Great Lakes Forwarding Corporation was shown to have been made by filing a copy of the notice with the commissioner of the motor vehicle department on April 11, 1938, which filing was acknowledged by the commissioner. There was also filed a copy of a letter to the Great Lakes Forwarding Company dated April 12, 1938, and a return receipt acknowledging receipt of the letter on April 17, 1938, but there was no affidavit as to the mailing of the letter.

On May 2, 1938, the Policyholders Mutual Casualty Company filed a special appearance asserting that, under its policy, suit could not be instituted against it until judgment was secured against its assured, and the petition, showing on its face that no such judgment had been secured, failed to state

a cause of action against such defendant so that the court was without jurisdiction.

On June 3, 1938, the Great Lakes Forwarding Corporation filed a petition with the necessary notice and bond for the removal of the case to the federal court. On June 22, 1938, the plaintiff filed a resistance and objections to the petition for removal. On June 27, 1938, the court entered an order denying removal of the cause. On the next day, the two defendants filed separate special appearances, each asserting that the court was without jurisdiction because of the proceedings to remove the cause to the federal court.

Notwithstanding the order denying removal of the cause, the necessary transcript was filed in the federal court. On August 9, 1938, plaintiff's attorney executed an affidavit stating the facts in reference to the mailing of the original notice to the Great Lakes Forwarding Corporation, and a certificate was filed in the federal court showing the filing of such affidavit.

The Great Lakes Forwarding Corporation filed a special appearance in the federal court challenging the sufficiency of the return of service of the original notice, and the plaintiff filed a motion to remand. On September 22, 1938, the federal court entered an order overruling the special appearance, based on the alleged defective service, and also overruling the motion to remand, holding that there was a separable controversy asserted in the petition as against the Great Lakes Forwarding Corporation, and that the court had jurisdiction thereof.

On October 17, 1938, the action was dismissed as to the Great Lakes Forwarding Corporation, both in the state court and the federal court, and the federal court on its own motion remanded the cause to the state court because there was no diversity of citizenship then existing.

On February 14, 1939, the Policyholders Mutual Casualty Company, the sole remaining defendant, filed an amendment to its special appearance, asserting various matters. One ground was that the statement in the petition that plaintiff is unable to obtain service upon the Great Lakes Forwarding Corporation within the state of Iowa is a mere conclusion and the fact is

that, when the action was commenced, service was made upon the Great Lakes Forwarding Corporation by following the procedure for service upon a nonresident of Iowa; also the Great Lakes Forwarding Corporation in fact did have and has since continued to have a resident agent for service of process in Iowa in all matters growing out of the operation by it of trucks in Iowa, service of original notice in any action can be made upon said corporation in Iowa, and, accordingly, the defendant cannot be subjected to jurisdiction by the manner and means and at the time attempted by plaintiff herein.

The amendment to special appearance was supported by the affidavit of R. P. Roedell, asserting that, on and subsequent to October 21, 1937, the Great Lakes Forwarding Corporation had a resident agent in Iowa for the service of process in all matters growing out of the operation by it of trucks in Iowa, and service of process could have been obtained by plaintiff on April 13, 1938, and at any time thereafter on the Great Lakes Forwarding Corporation in Iowa by service upon such resident agent.

Plaintiff filed no resistance to the special appearance. On March 6, 1939, the court overruled the special appearance. The defendant Policyholders Mutual Casualty Company perfected its appeal from such ruling and secured a stay of proceedings.

As heretofore stated, there is no question but that the court had jurisdiction of the appellant herein. However, for the court to have jurisdiction to decide a controversy, it is necessary that it not only have jurisdiction of the parties to the controversy, but also that it have jurisdiction of the subject matter of the controversy. Section 11088 of the Code, 1935, provides in broad language that a defendant may appear specially for the purpose "of attacking the jurisdiction of the court." The statute reads identically the same as it did when it appeared as section 3541 of the Supplement of 1913. In the case of Scott v. Scott, 174 Iowa 740, 747, 156 N. W. 834, 837, we state:

"Sec. 3541, Code Supp., 1913, provides that:

" 'Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case.'

"This conferred the right on the defendant to appear and specifically object to the jurisdiction of the court, either over his person or the subject-matter of the suit.''

The pronouncement above quoted was expressly followed in the case of Newcomer v. Newcomer, 199 Iowa 290, 292, 201 N. W. 579, 580, wherein we state:

"Under Section 3541 of the Supplement to the Code, 1913, the defendant is entitled to appear specially and object to the jurisdiction of the court. We have held, contrary to the current rule in most states, that this statute is broad enough to warrant the defendant in objecting to the jurisdiction of the subject-matter, as well as that of the persons. Scott v. Scott, 174 Iowa 740, at 747.''

Pursuant to the foregoing pronouncements, under the broad language of section 11088 of the Code, 1935, the defendant had the right to challenge the jurisdiction of the court over the subject matter of this action by a special appearance.

The policy of insurance here sued upon was issued pursuant to section 5105-a26 of the Code, 1935 (section 5100.26 of the Code, 1939). It is a statutory policy and its obligations are to be measured and defined by the statute requiring it. Curtis v. Michaelson, 206 Iowa 111, 118, 219 N. W. 49. In the case last cited, it was held that the statute conferred a right of action against the insurance company independent from the cause of action against the carrier insured by it. Thereafter, the statute was amended so as to permit a right of action against the insurance company only when "service cannot be obtained on the motor carrier within this state." Chapter 130, Acts of the Forty-third General Assembly. This change in the statute

was recognized by us in the case of Ellis v. Bruce, 215 Iowa 308, 316, 245 N. W. 320, 324, wherein we state:

"The plaintiff cites the case of Curtis v. Michaelson, 206 Iowa 111 [219 N. W. 49], wherein the plaintiff brought his action directly against the insurance company and prevailed therein. That case involved no joinder. The tort-feasor had absconded and no service could be had upon him. The suit was prosecuted against the insurance company alone. Construing Section 5105-a26 as it appeared in the Code of 1927, we held that it permitted the action. Since that decision that section of the statute was amended by adding a proviso thereto. This proviso put a limitation upon the right of the injured party to sue directly the insurance company, and such proviso appears in the Code of 1931. This is the proviso which we have quoted above. Its effect was to limit the right of the injured party to sue the insurance company to a case where personal service could not be had upon the tort-feasor within the state. Such is the present state of the statute."

The statute here before us reads the same and the construction contained in the quotation last above set forth is applicable. Plaintiff had no right to sue the defendant insurance company if service could be obtained on the defendant motor carrier within this state. While plaintiff's unverified petition asserts that such service could not be obtained, the affidavit of defendant, filed in support of its special appearance, asserts that on and subsequent to October 21, 1937, the Great Lakes Forwarding Corporation had a resident agent in Iowa for service of process in all matters growing out of the operation of its trucks in Iowa. This affidavit was in no manner challenged by plaintiff.

In the case of Jermaine v. Graf, 225 Iowa 1063, 1066, 283 N. W. 428, 430, we state:

"Appellant's special appearance contained the allegations above quoted, was verified under oath, and asserted that appellant was not a person within the meaning of section 514. No

counter showing was made. No evidence or proof was offered of any facts showing that the non-resident appellant was one of the persons deemed to have agreed that a substituted service might be made upon it of the original notice of this suit. The special appearance was a direct attack. The burden rested on plaintiff to sustain by adequate showing the questioned jurisdiction. This he failed to do. Pendy v. Cole, 211 Iowa 199, 233 N. W. 47.''

The position taken by us in the quotation last above set forth is controlling here. Pursuant thereto, the order appealed from must be and it is reversed. The cause is remanded with instructions to sustain the special appearance and dismiss the action.—Reversed and remanded with instructions.

HAMILTON, C. J., and SAGER, BLISS, STIGER, and HALE, JJ., concur.

MITCHELL and OLIVER, JJ., dissent.

MITCHELL, J. (dissenting).—I find myself unable to agree with the majority and respectfully dissent.

The only issue before us is whether or not the district court of Clayton county secured jurisdiction of the defendant insurance company.

It is admitted that the insurance company is an Iowa corporation and that it was served with notice.

The majority admit that the court had jurisdiction of the insurance company.

In the case of Reinsurance Co. v. Houser, 208 Iowa 1226, 1228, 227 N. W. 116, 117, Justice Morling speaking for this court said:

''For the purpose of the point here made a court has jurisdiction of the subject-matter if * * * it has authority to hear and determine the general class of causes or proceedings to which that in question belongs.

''If the court has authority to determine the cause at all,

it has authority to determine it wrongfully, as well as rightfully, and the decision, if wrongful, may be corrected only by direct proceedings to that end.''

As I read the cases of Newcomer v. Newcomer, 199 Iowa 290, 201 N. W. 579, and Scott v. Scott, 174 Iowa 740, 156 N. W. 834, the question now before us was not raised, and the statements relied upon by the majority are mere dictum.

Under the record in the case at bar, the lower court had jurisdiction of the insurance company, for it was an Iowa corporation and duly served with notice. The insurance company can raise both questions, as to whether it could be proceeded against under its policy, and also whether it was entitled to a change of venue to its home county, but both of these are defensive, and cannot be raised by a special appearance.

I would affirm.

I am authorized to state that OLIVER, J., joins in this dissent.