HATTIE SCHOULTE, Guardian, Plaintiff, Appellee, v. GREAT LAKES FORWARDING CORPORATION et al., Defendants; GREAT LAKES FORWARDING CORPORATION, Appellant.

No. 45535.

JUNE 17, 1941.

REHEARING DENIED NOVEMBER 14, 1941.

Kenline, Roedell & Hoffmann, for appellant.

D. D. Murphy & Son, for appellee.

MITCHELL, J.—This case comes before this court on an appeal from a ruling of the lower court overruling a special appearance filed by the defendant, Great Lakes Forwarding Corporation.

In Schulte v. Great Lakes Forwarding Corporation, 228 Iowa 1012, 291 N. W. 158, a case involving the same automobile accident was before this court. It is not the same case, as in that action G. H. Schulte as administrator, was the plaintiff, and the issues involved were not the same as in the case at bar.

The only question which confronts us is whether or not the District Court obtained jurisdiction of the Great Lakes Forwarding Corporation.

Hattie Schoulte, as guardian of Betty Lou Kann and Leon Kann, minors, filed her petition in this case on September 13, 1939, in the office of the Clerk of the District Court of Clayton County, Iowa. She alleged that the Great Lakes Forwarding Corporation is a nonresident corporation, with its principal place of business in Chicago, Illinois. That by virtue of an assignment of a chose of action, copy of which is attached and marked Exhibit A, she became the owner of a cause of action accruing to the estate of Alfred J. Kann against the Great Lakes Forward-

ing Corporation. She alleges that all of the facts surrounding the death of Albert J. Kann are peculiarly within the knowledge of the defendants and their agents. She then describes the manner in which the trailer truck combination was operated. That Alfred J. Kann was free from contributory negligence; that there was a collision between the automobile in which Kann was riding and the truck of the Great Lakes Forwarding Company and that Kann died as a result of said collision. She then prays for damages.

An original notice was served on R. V. Thompson at Marshalltown, Iowa. It is conceded that R. V. Thompson was the resident agent of the Great Lakes Forwarding Corporation for service in Iowa when served on September 20, 1939.

The Great Lakes Forwarding Corporation filed a special appearance, the material part of which is as follows:

"3. The court is without jurisdiction as to this defendant herein for the reason it nowhere appears in plaintiff's petition (a) in what County or State, nor that it was in Clayton County, Iowa, Theresa Kann was appointed administratrix of the estate of Alfred Kann, deceased, nor under and by virtue of what authority she was acting as such at the time she signed assignment, copy of which is attached to plaintiff's petition, and when this action was commenced against this defendant; and it does not appear where said deceased was living at the time of his death; (b) Theresa Kann signed the said assignment in her individual capacity only; (c) the assignment is to Hattie Schoulte, Guardian of Leon H. and Betty Lou, minors and heirs of Alfred J. Kann, and it does not appear in what County or State Hattie Schoulte was appointed such guardian, nor that it was in Clayton County, Iowa, nor under and by virtue of what authority she was acting as such guardian at the time this action was commenced against this defendant; (d) nor does plaintiff allege the County or place of plaintiff's residence, nor that it was in Clayton County, Iowa, nor (e) the residence of said minors at the time said guardian was appointed and when this suit was commenced. There is no allegation with respect to the foregoing matters or either of them which gives the District Court of Iowa in and for Clayton County jurisdiction herein.

"4. The court is without jurisdiction as to this defendant to try said cause or enter any judgment against it herein for the reason it nowhere appears in plaintiff's petition where the accident, upon which this cause of action is alleged to be based, occurred, the injury received or damage done, nor that it occurred in Clayton County, Iowa, and the mere general allegations of plaintiff's petition are not such as to confer jurisdiction herein, the subject matter as alleged is not within said court's jurisdiction.

"5. The court is without jurisdiction at this time to render any judgment against this defendant herein, or to try the facts set out in plaintiff's petition as against it.

"6. This defendant is not a person within the meaning of Section 514 of the Iowa Motor Vehicle Act, Chapter 134 of the Acts of the 47th General Assembly, whereby service can be had upon it or jurisdiction over it obtained by the manner and means employed by plaintiff as shown by the record herein.

"7. Said defendant was on and prior to October 21st 1937, and since that time, and now is a corporation of the State of Michigan, in the United States of America. Said defendant at the time stated was not and is not now a person within the meaning of Section 514 of the Iowa Motor Vehicle Laws effective on and after July 4th, 1937, and now Section 5038.02 of the Code of Iowa of 1939, whereby service can or could be had upon it or jurisdiction over it obtained in the manner and by the means employed by plaintiff as shown by plaintiff's petition and the further record herein."

Following the filing of the special appearance the plaintiff filed an amendment to her petition setting out that through inadvertence Exhibit A, the copy of the assignment was not attached to the petition, and attached a copy. That the estate of Alfred J. Kann is pending in the District Court of Clayton County, Iowa, and that she has been appointed guardian by the District Court of Clayton County, Iowa. She also alleges that the accident happened in Clayton County, Iowa.

The Great Lakes Forwarding Corporation filed an amendment to its special appearance, alleging that the plaintiff is attempting to set up a new cause of action by her amendment to

816

the petition, and that no notice of the new cause of action alleged in the amendment to the petition has been served upon the defendant. The lower court overruled the special appearance, and the Great Lakes Forwarding Corporation has appealed.

We do not find it necessary to give consideration as to whether the amendment sets up a new cause of action or not.

The appellant devotes most of its time to a discussion of the motor vehicle law and the provisions contained therein for acquiring jurisdiction over nonresident users of the highway. The provisions of the motor vehicle act with respect to jurisdiction of a nonresident corporation are not exclusive, it gives to the aggrieved party a choice as to the manner in which an original notice may be served. One of these methods of securing jurisdiction is by service upon an agent, who admittedly was qualified for that purpose.

In the case of McClamroch v. Southern Surety Co., 193 Iowa 249, 254, 187 N. W. 41, 43, this court said:

"The appointment or recognition of a process-agent, whether an individual, commissioner, or other officer, is upon the consideration that the foreign corporation shall have the right to carry on its business in that jurisdiction, and for the protection of those who deal with such corporation within that jurisdiction. In a sense it is a contractual relation, and may be viewed as an agency coupled with an interest. To hold that the service of summons on a designated process-agent was invalid, if made subsequently to the termination of the right to do business in a jurisdiction other than its domicile, would be to deprive the citizens of that jurisdiction, who had dealt with the corporation, the right to obtain relief in the courts of the state which had permitted the doing of said business within the state. It is not a rule of amity or comity that controls, since the state has the right to exclude a foreign corporation from its boundaries.

"See Mutual Reserve F. L. Assn. v. Phelps, 190 U. S. 147; Hunter v. Mutual Reserve Life Ins. Co., 184 N. Y. 136, 218 U. S. 573; Moore v. Mutual Reserve F. L. Assn., 129 N. C. 31, followed in Hinton v. Mutual Reserve F. L. Assn., 135 N. C. 314; 21 Ruling Case Law 894; 30 L. R. A. (N. S.) 678 note."

The special appearance relies upon the fact that the copy of

the assignment was not attached to the petition and that the petition did not allege that the accident happened in Clayton County, Iowa. Appellant relies upon the fact that the motor vehicle statute requires certain conditions for jurisdictional purposes but in the case at bar there was actual service on the duly authorized agent of the appellant company.

It is conceded that the service was made and that it was made upon the agent of the corporation specified by the corporation for that purpose. The lower court was right in overruling the special appearance and this case must be and it is affirmed.— Affirmed.

CHIEF JUSTICE and all JUSTICES concur.