GEORGE W. GELWICKS, Appellee, v. CELESTA D. GELWICKS, Appellant.

**Divorce:** FRAUD: VACATION OF DECREE. That a decree for divorce was
1  granted on false testimony is not ground for setting it aside, where the defendant had ample opportunity to meet the evidence.

**New trial:** PETITION AFTER TERM: MODE OF TRIAL. The statute providing that the facts pleaded in a petition for new trial after judgment shall be deemed denied without answer and tried as other ordinary proceedings, has reference to the method of producing evidence, rather than to the method of sustaining and controverting the allegations by affidavit; and an appeal from a ruling made under this statute is not triable *de novo*, but on assignments of error; and if there is a conflict in the evidence or in the inferences fairly deducible therefrom, the court will assume such a state of facts, reasonably consistent with the evidence, as will support the conclusion reached.

**Divorce:** RESIDENCE: EVIDENCE. The evidence is reviewed and held sufficient to support the finding of the trial court that plaintiff had been a resident of Linn county in this state for a period of four years as alleged in the petition.

**Same:** JURISDICTION: RESIDENCE: PLEADINGS. Residence of one of the parties to an action for divorce in the county in which the action is brought is a jurisdictional fact which must be alleged in the petition; but failure to state the township of the county in which plaintiff resided was a mere defect or irregularity not going to the jurisdiction of the court, and could have been cured if objection had been made at the trial.

*Appeal from Linn District Court;* Hon. Milo P. Smith, Judge.

Thursday, July 3, 1913.

The plaintiff filed a petition for divorce March 22, 1911, alleging that he had been a resident of Linn county for four years. An original notice was served on defendant in Barton county, Mo., and decree was entered as prayed April 12, 1911. The defendant filed a petition August 12th, following, praying that the decree be set aside. This petition was dismissed, and the decree granting the divorce confirmed. The defendant appeals.—*Affirmed.*

*James E. Bromwell,* for appellant.

*L. A. Reiley,* for appellee.

LADD, J.—This is an appeal from an order denying the defendant's petition to set aside as void a decree granting the plaintiff a divorce. Such decree had been entered April 12, 1911, on the ground that the defendant had abandoned and deserted plaintiff more than four years previous, had ordered him to go, and refused to live with him or permit him to live on the premises with the family. Therein he alleged that he was and had been for four years a "resident of the state of Iowa, having his home in the county of Linn." The peti-·tion·praying that the decree be set aside alleges that he had been a resident of Barton county, Mo., continuously for many years, and was never a resident of Iowa, and, further, that defendant had never deserted the plaintiff. On hearing the application to set the decree aside was denied, and therein appellant contends that the court erred for that (1) the original petition was insufficient in not averring the township of plaintiff's alleged residence in Linn county; (2) both parties were nonresidents of the state; and (3) fraud was practiced on the court in procuring the decree.

I. If fraud were practiced, it was in adducing false testimony, and as defendant had ample opportunity to meet that, it is held not to furnish ground for setting aside the decree. *Graves v. Graves,* 132 Iowa, 199. See, also, *Heathcote v. Haskins,* 74 Iowa, 566; *Teabout v. Roper,* 62 Iowa, 603.

1. DIVORCE: fraud: vacation of decree.

II. The application to vacate the decree appears to have been made under section 4091 of the Code. The section following declares that "the facts stated in the petition shall be considered as denied without answer, and tried by the court as other actions by ordinary proceedings." In *Carpenter v. Brown,* 50 Iowa, 451, the court in holding the issues raised not triable to jury said the provision "that the case shall be tried as other cases, by ordinary proceedings; refers . . . to the mode of producing evidence as contradistinguished from the mode of sustaining and controverting the allegations by affidavit."

2. NEW TRIAL: petition after term: mode of trial.

And in *Sitzer v. Fenzloff*, 112 Iowa, 491, it was said that: "An appeal from an order made under these provisions is not triable *de novo;* but on assignments of error, and, if there be any conflict in the evidence or in the inferences fairly deducible therefrom, the court will assume such a state of facts, reasonably consistent with the evidence, as will support the conclusion reached." This is in harmony with the view expressed in *Mogelberg v. Clevinger*, 93 Iowa, 736, *Andres & Co. v. Schlueter*, 140 Iowa, 389, and *Farmers' Exchange Bank v. Trester*, 145 Iowa, 655, though in the last case the ruling is referred to as discretionary.

The evidence adduced was oral and in the form of affidavit, to which no objection was made. It appears therefrom that the parties were married in 1879, and in 1901 moved on a farm about four and one-half miles from

3. DIVORCE: residence: evidence.

Lamar, Mo.; that they had three children, all of whom are now grown; that the plaintiff continued on a farm about two and one-half years, and then was employed by the Missouri Immigration Association about four years, and has since been a canvasser for the sale of books published by the Clark Publishing Company, Chicago, Ill. The defendant testified that since he quit working on the farm he had been away much of the time, but visited "home more or less frequently;" that he had said to her he had "come home as often as he could;" that he had been there during Christmas time, 1910, and with his wife had Christmas dinner at the home of a son, and gave presents to his children and his wife; that they had never had any serious trouble. The evidence as to whether they had ever discussed parting was in conflict, the defendant saying that there had never been any such talk, while the plaintiff by affidavit asserted the allegations of his petition were true. He had been in correspondence with his wife as late as February, 1909, and in March, 1908, addressed the defendant as "dear wife." There was testimony that on April 19, 1910, the plaintiff registered at a hotel in Cedar Rapids as "George W. Gelwicks, Chicago, Ill.," and boarded

there three months, and then went to Central City, thereafter returning to another hotel for a few days, and then went to Chicago, and that while at the hotel first mentioned he represented himself as a widower with a mule farm in Missouri and a chicken farm in Illinois in charge of a sweetheart. Affidavits of three men, each of whom had been residents of Barton county, Mo., for many years, that they were acquainted with the parties hereto, and had known them since they moved to that county, and that the farm on which Mrs. Gelricks resides has always been regarded as the home of the plaintiff to which he came more or less frequently during said time, and that the parties hereto never had any serious trouble, were adduced. On the other hand, affidavits of three persons residing at Lamar, Mo., who were personally acquainted with plaintiff, asserted that ''to the best of their knowledge and belief'' he had been in that place only twice in the past three years were introduced in evidence. The affidavit of plaintiff was that he held no personal knowledge of two of the affiants whose affidavits were introduced by defendant, and, quoting, ''I have not had, neither have I claimed, my home or residence in Barton county, Missouri, for more than four years last past; I have had and claimed my residence in Linn county, Iowa for more than two years before the date of filing my petition in this case in the District Court of Linn county, Iowa. I have not voted or claimed the right to vote in Barton county, Missouri, for more than five years last past. The allegations of my petition filed in this case are true.''

An affidavit of one Horn was introduced, in which he swore to an intimate acquaintance with plaintiff during the past twenty-five years, that his home is and had been in Barton county, Mo., and quoting: ''I further state that said George W. Gelwicks has not been a resident of Barton county, Mo., for more than three years last past; that he has had his home in Linn county, Iowa, for the past two years, and that he has had his home in the state of Iowa for more than three years; that during that period he and Celestia D. Gelwicks

have lived apart, and he has not claimed a home in Barton county, but has not only claimed his home, but had his home in the state of Iowa.''

It will be observed that the affidavits other than plaintiff's and that of Horn throw little or no light on the issue. Nor does the defendant detail facts necessarily inconsistent with the affidavits that plaintiff gained a residence in Linn county, Iowa. Dining with a son and giving presents are not necessarily inconsistent with separation of the parties as husband and wife. No one testified to plaintiff's presence on the Missouri farm within the two years prior to the decree, nor to association of the parties as husband and wife in that time. If plaintiff became a resident of Linn county, this was as a single man, and that he resided at a hotel a portion of the time was quite to be expected. The fact that he registered as from Chicago, Ill., casts doubt on his purpose of making Cedar Rapids his home, but this was not sufficient to overcome the affidavits of himself and Horn that he had been a *bona fide* resident for more than the required time. The finding of the district court has such support in the evidence as to preclude interference therewith.

III. The petition alleged that ''plaintiff had been a resident of the state of Iowa for the last four years, having his home in the county of Linn,'' but did not state the township of that county, and it is said for this reason the court did not acquire jurisdiction to enter the decree. Section 3171 of the Code declares that ''the district court in the county where either party resides has jurisdiction of the subject-matter of this chapter.'' Section 3172. ''Except where the defendant is a resident of this state, served by personal service, the petition for divorce, in addition to the facts on account of which the plaintiff claims the relief sought, must state that the plaintiff has been for the last year a resident of the state, specifying the township and county in which he or she has resided, and the length of such residence therein after deducting all the ab-

4. SAME: jurisdiction: residence: pleadings.

sences from the state; that it has been in good faith and not
for the purpose of obtaining a divorce only; and in all cases
it must be alleged that the application is made in good faith
and for the purpose set forth in the petition.'' Section 3173:
''The petition must be verified by the plaintiff, and its allega-
tions established by competent evidence. If the averments as
to residence are not fully proved, the hearing shall proceed
no further, and the action be dismissed by the court; and no
divorce shall be granted on the testimony of the plaintiff
alone. All such actions shall be heard in open court upon
the oral testimony of witnesses, or depositions taken as in
other equitable actions or by a commissioner appointed by the
court.'' The theory of the defendant is that independent of
statute courts are without jurisdiction to grant divorces, and
that, as this is conferred in connection with procedure pre-
scribed, this also is jurisdictional, and must be followed
strictly. This is undoubtedly correct in so far as the statute
conferring jurisdiction exacts that one of the parties must
reside in the county. Section 3171, Code. If, however, one
of the parties to a marriage contract resides in the county,
jurisdiction of the subject-matter is conferred on the district
courts, and the statutes relating to its exercise are to be inter-
preted and construed as are others relating to procedure.
See McCraney v. McCraney, 5 Iowa, 232, wherein the verifi-
cation of the petition was declared not to be ''a jurisdictional
requisite.'' and in Van Duzer v. Van Duzer, 65 Iowa, 625,
verification, though declared to be mandatory, was held to be
permissible at any time before final hearing; the court saying
that the requirement of verification was intended simply ''as
a hindrance to easy divorces—a matter in which the state is
concerned—and it cannot be waived by the defendant. It
does not relate, however, to the jurisdiction of the court. It
prescribes simply the rule of practice for the government of
cases of this kind, and this rule is intended to govern only
as to the final judgment in the case. What is prohibited by

the provision is the granting of a divorce, unless the requirement as to verification is complied with.''

In *Ellis v. White*, 61 Iowa, 644, the petition did not allege that plaintiff had been a resident of the state for the required time, and it was insisted that for that reason the court did not acquire jurisdiction, but it was held that, having authorized suit to be instituted, defendant was estopped from insisting upon the want of jurisdiction.

In *Mengel v. Mengel*, 145 Iowa, 737, the petition, though alleging residence, did not aver that the application was made in good faith, and it was held that, notwithstanding this omission, the court had jurisdiction to order the payment of temporary alimony.

In *Richardson v. King*, 157 Iowa, 287, the petition omitted to allege that the application was made in good faith and for the purpose set forth therein, and this was adjudged not to be jurisdictional. These decisions seem to foreclose the question, and are necessarily based on the theory that such defects are mere irregularities in the pleadings which do not go to the jurisdiction of the court. Inasmuch as section 27 of article 3 of the Constitution denies the power of granting a divorce to the Legislature, section 3171 of the Code is construed as alone conferring jurisdiction of the subject-matter on the courts. *Pinkney v. Pinkney*, 4 G. Greene, 324, was on appeal and heard *de novo*, and therefore defects in the petition treated of errors merely. And the same may be said of *Phelan v. Phelan*, 12 Fla. 449, and other like decisions. See generally on the subject 2 Nelson on Divorce and Separation, section 731. The cases bearing on the question will be found collected in a note to *Rumping v. Rumping*, 12 L. R. A. (N. S.) 1197. Had the defendant insisted in apt time on the defect in the petition, it must have been corrected, and its omission may have been adjudged error. *Pinkney v. Pinkney, supra.* But all that was required to confer jurisdiction of the subject-matter was an allegation that one of the parties was a resident of the county.

No question is raised with reference to the service of the original notice.  We are of opinion that the court was not without jurisdiction, and the order denying the application for new trial is *Affirmed*.