NELLIE BONNER, Appellant, v. MELVINA REANDREW et al.,
Appellees.

**DIVORCE:** Foreign Divorce—When not Recognized. A foreign decree
of divorce will not be recognized in this state when it is made to
appear that the defendant (1) was at all times domiciled in this
state, the matrimonial domicile, (2) was never subject to the juris-
diction of such foreign court, and (3) had never consented to, or
justified by misconduct, the acquisition by plaintiff of a domicile
in such foreign country. Especially is this true when there is no

showing that the plaintiff ever acquired a domicile in such foreign country.

APPEAL AND ERROR: Reversal—Remand When Basis of Dismissal
2  Uncertain. When the appellate court is quite uncertain whether the trial court dismissed the cause on the erroneous basis of matter in bar or on the basis of insufficiency of evidence to sustain the action in any event, a remand for new trial must be entered.

Headnote 1: 19 C. J. pp. 368, 369.   Headnote 2: 4 C. J. p. 1193.

Headnote 1: 39 A. L. R. 635; 9 R. C. L. 512.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

JULY 1, 1927.

Action for alienation of the affection of the plaintiff's husband. The action was commenced originally by service by publication. Default was entered, and judgment rendered in behalf of the plaintiff. Later, an application to set aside said judgment was sustained, and the cause was retried to the court, and an order entered, dismissing plaintiff's petition. From such order this appeal is prosecuted.—*Reversed.*

*Naglestad, Pizey & Johnson,* for appellant.

*Griffin, Griffin & Griffin,* for appellees.

FAVILLE, J.—In June of 1923, appellant instituted this action against appellees, to recover damages for alleged alienation of the affections of appellant's husband. The petition alleged

1. DIVORCE: foreign divorce: when not recognized.

that the appellees were nonresidents of the state of Iowa, and an attachment was issued and levied upon their property. Service of notice was had by publication, and, no appearance being entered, in due time the appellees were adjudged to be in default, and judgment was rendered on September 10, 1923, against appellees in the sum of $4,000. On or about November 10, 1923, the appellees filed in said action a motion to set aside said judgment, and prayed a retrial of said cause. A cost bond was filed, and also an answer, which, in effect, was a general denial of the allegations of the petition. Later on, the appellees filed an amend-

ment to their answer, in which they pleaded that, at a date which was not only subsequent to the commencement of said action, but subsequent to the recovery of the original judgment in said cause, the appellant's husband had obtained a divorce from her in Mexico. The amendment pleading said alleged divorce was attacked by the appellant by motion, which was overruled, and later by demurrer, which was likewise overruled. Thereafter, appellant filed reply to said amended answer. Upon the trial, a certified copy of the alleged decree of divorce was offered in evidence, and appellant's objections thereto were overruled.

I. The decree of divorce was alleged to have been granted to the husband of appellant by the civil court of Merida, in Yucatan, a state of the United States of Mexico. The decree on its face recites that the appellant's husband, Bonner, appeared before a ''judge of first instance of the civil court, and department of finance of the state, by authority of Article 33, of the Civil Register Code, and in the absence of the director general and officer of this department in this capital [Merida].'' There is no recital whatever in the decree of divorce of any service of notice of said proceedings, by publication or in any other manner, upon the appellant herein, nor of any appearance by the appellant. Even if there were any pleading in the cause under which a valid decree of divorce between appellant and her husband could be admissible in evidence, the question at once arises as to whether, upon the record in this case, the decree of divorce of the Mexican court is entitled to recognition. The question of the force and effect to be given to a decree of divorce rendered in a foreign state usually arises in some form of action between the original parties, and most commonly in cases where the foreign decree has been entered by one of the states of the American Union. The courts have been at variance in regard to the true rule in such cases. We recently had before us the question of the recognition of a decree rendered in another state of the Union, in the case of *Miller v. Miller*, 200 Iowa 1193. In said case we recognized the validity of a decree of divorce entered in the state of Missouri, where one of the parties was domiciled. We did so under the doctrine of comity, although declaring that we were not required to do so by the full-faith-and-credit clause of the Constitution. In said case we said:

"This declaration of comity is not to be construed as an offer of cover or condonation to any form of fraud or bad faith in acquiring a pretended domicile in a state where in truth no domicile is acquired. We recognize that a good-faith domicile of one of the parties to the marriage is a *sine qua non* of jurisdiction, without which the decree cannot be valid, even in the state where entered. But we extend to such decree, good on its face, a presumption of validity; and the burden of attack must be upon him who denies the same. The policy of comity herein declared implies the reciprocal obligation of every state, through its divorce courts, to require satisfactory proof of the bona-fide domicile of the complainant within its jurisdiction, and to refuse to entertain jurisdiction in any divorce case in the absence of such proof. This is the proper place of emphasis; the strategic point at which the evil of 'easy' divorce can be successfully checked, without working calamity to innocent persons."

In the instant case, we are called upon to recognize the validity of an alleged decree of divorce obtained in a foreign country. The "full-faith-and-credit" clause of the Federal Constitution has no application to the case. The question of the recognition of a decree of divorce rendered at the domicile of one of the parties has been a subject of much discussion in the courts. It is a generally recognized rule that:

"Where husband and wife have separate domiciles, a divorce may be secured at the domicile of either." Goodrich on Conflict of Laws 290, Section 126.

But no court of any state or country has authority to render a decree of divorce which will be recognizable under our law where neither spouse is domiciled within the jurisdiction of the court granting the divorce. *Bell v. Bell,* 181 U. S. 175 (45 L. Ed. 804); *Reed v. Reed,* 52 Mich. 117 (17 N. W. 720); *Sammons v. Pike,* 108 Minn. 291 (120 N. W. 540); *Carling v. Carling,* 78 N. J. Eq. 42 (81 Atl. 565); *Blondin v. Brooks,* 83 Vt. 472 (76 Atl. 184); *German Sav. & Loan Society v. Dormitzer,* 192 U. S. 125 (48 L. Ed. 373); *Gregory v. Gregory,* 78 Me. 187 (3 Atl. 280); *Thelen v. Thelen,* 75 Minn. 433 (78 N. W. 108); *Smith v. Smith,* 19 Neb. 706 (28 N. W. 296). Parties cannot by mutual consent or approval confer jurisdiction on a court to grant a divorce when neither of the parties is domiciled in the state or country where the court is located. *Andrews v. Andrews,* 188

U. S. 14 (47 L. Ed. 366); *Lister v. Lister,* 86 N. J. Eq. 30, 39 (97 Atl. 170).

The American Law Institute (Feb. 27, 1926), in the Restatement No. 2 of Conflict of Laws, Section 117, states:

"A state cannot exercise through its courts jurisdiction to dissolve a marriage where neither spouse is domiciled within the state."

Before the courts of this state will recognize the validity of a decree of divorce rendered in a foreign state or country, they have a right to, and should, inquire as to whether or not either party to the divorce action was domiciled in the state or country where the divorce was obtained. This is especially true where the defendant in the divorce action was domiciled in this state at the time, and where this state is also the matrimonial domicile. The American Law Institute states the rule to be as follows:

"A state cannot exercise through its courts jurisdiction to dissolve the marriage of spouses of whom one is domiciled within the state and the other is domiciled outside the state, unless the spouse who is not domiciled in the state (a) has permitted the other spouse to acquire a separate home; or (b) by his misconduct has ceased to have the right to object to the acquisition of such separate home; or (c) is personally subject to the jurisdiction of the state which grants the divorce." Restatement No. 2, Conflict of Laws, Section 118.

Upon the record in this case, should the court give recognition to the alleged divorce claimed to have been obtained by appellant's husband in the state of Yucatan of the United States of Mexico? Conceding, for the sake of the argument, at this point, that the proof of the fact of the entry of such a decree of divorce was established,—a question upon which we make no pronouncement,—we do not think the record is such as to require its recognition by the courts of this state. The matrimonial domicile was in Iowa. The wife retained said matrimonial domicile at all times. It appears that the husband abandoned said matrimonial domicile without either the knowledge or consent of his wife, and without any misconduct on her part, and his whereabouts were unknown to her at the time he obtained the alleged divorce in Mexico. There was no notice on the wife, and no appearance by her in the divorce action. There is nothing to show in the record that the husband ever became legally domi-

ciled in Mexico, the only evidence being the recital in the decree to the effect that he is "a resident of this place" (Merida). A man may be a resident of a place without having any domicile there. If we indulge in the presumption that the laws of the United States of Mexico are the same as the laws of the state of Iowa, then the decree of divorce, which is the only evidence in the case on the question, is so wanting in the recital of essential requirements as to be utterly invalid, under the laws of this state.

There is an utter want of any proof whatever that the plaintiff in the divorce action was domiciled in the state or country in which the divorce was obtained; and, even if he was domiciled there, it affirmatively appears that the defendant in said action (appellant herein) was at all times domiciled at the matrimonial domicile, which was within this state, and that at no time had said spouse permitted the other spouse to acquire a separate home, or by her misconduct had in any way ceased to have the right to object to the acquisition of such separate home by the husband; and there is no showing that the wife was in any way personally subject to the jurisdiction of the country which granted the divorce. In fact, the contrary of each and all of said matters appears in the record. Upon this record, we are satisfied that the alleged decree of divorce purporting to have been entered in the state of Yucatan in the United States of Mexico was inadmissible for any purpose. See *St. Sure v. Lindsfelt*, 82 Wis. 346 (52 N. W. 308).

II. It is argued that, in any event, the appellees were entitled to judgment dismissing appellant's petition, upon the record in the case upon the facts as to the alleged alienation of affections. The cause was tried to the court, without the intervention of a jury. There was no motion for judgment filed in behalf of the appellees. The decree of divorce in the Mexican court was pleaded by the appellees as a complete defense, and was admitted in evidence over objection. Whether the court decided the case on the ground of the insufficiency of the evidence offered in behalf of appellant, or because of the theory that the decree of divorce was a complete bar to appellant's cause of action, it is impossible for us to determine from the record. The appellant is entitled to a retrial of the cause upon the record

2. APPEAL AND ERROR: reversal: remand when basis of dismissal uncertain.

made, and the judgment is reversed and the cause remanded.—*Reversed.*

EVANS, C. J., and STEVENS, VERMILION, and KINDIG, JJ., concur.