ARTHUR A. BRISTOW, Appellee, v. CHARLES A. PAGANO, Appellant.

No. 47130.

NOVEMBER 11, 1947.

Raymond E. Hanke, of Des Moines, for appellant.

Bump & Bump, of Des Moines, for appellee.

HAYS, J.—Action for specific performance of a real estate contract between plaintiff-vendor and defendant-vendee. Defendant refused performance contending the title, as submitted, is not merchantable. The trial court held otherwise, ordered specific performance, and defendant appeals.

While the case is triable de novo, it being in equity, the facts are not in dispute. The questions raised on this appeal are strictly legal. The real estate involved is described as "Lot 94 in Capitol Heights, No. 2, an Official Plat in Polk County,

Iowa." On September 1, 1941, title to said property appears in the name of T. J. Nolan. On that date Nolan contracted to convey the same to Arthur A. Bristow. Warranty deed was executed by Nolan to Bristow December 20, 1946, and recorded January 15, 1947. The contract of sale between Bristow and Pagano, entered into in November 1946, was the usual form of real estate contract and called for merchantable title in seller.

The abstract of title shows that in August 1946 Arthur A. Bristow brought suit for divorce from his wife, Beulah M. Bristow. Service was by publication. In the petition Bristow alleges that he is a resident of Polk County, Iowa; that he owns the property here involved, and asks that he be granted a divorce and title to the property quieted in him.

Default decree was entered October 12, 1946. On October 18, 1946, the attorney for Bristow filed an affidavit of nonmilitary service of Beulah Mary Bristow, alleging in part that she is not entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C., section 501 et seq., and amendments thereto. On January 7, 1947, a similar affidavit was filed by Arthur A. Bristow.

Appellant alleges the title is not merchantable for three reasons, all based upon the divorce action. They are: (1) No jurisdiction over defendant (2) decree invalid as two causes of action were joined, contrary to law, and (3) failure to file an affidavit of nonmilitary service prior to the decree clouds the title.

I. As to the trial court's jurisdiction: The petition alleges plaintiff is a resident of Polk county, but does not state what township thereof. This constitutes the alleged error. Chapter 598, Code, 1946, on Divorce, section 598.1, thereof, says:

"The district court in the county where either party resides has jurisdiction of the subject matter of this chapter."

Section 598.3, states in substance that, except where the defendant is a resident of the state and served by personal service, the petition must allege that plaintiff has been a resident of the state for the last year, specifying the township and county. This section deals with what the petition must contain.

It does not in any way, go to the question of jurisdiction over the person of the defendant, which in this case, is controlled by Rule 60, Rules of Civil Procedure. The petition states plaintiff is a resident of Polk county, which under section 598.1 confers jurisdiction over the subject matter. See Gelwicks v. Gelwicks, 160 Iowa 675, 142 N. W. 409. There is no merit in this claimed error.

■ II. Was there a misjoinder of causes of action? Section 598.2, Code, 1946, provides:

"An action for a divorce shall be by equitable proceedings, and no cause of action, save for alimony, shall be joined therewith."

In the divorce petition, plaintiff stated he owned the property and asked that title be quieted in him. In substance he asks that, on a divorce being granted, defendant's inchoate dower interest be cut off. The granting of the divorce alone would accomplish this purpose without any prayer therefor. We consider this prayer "that title * * * be quieted in his name" is in a sense surplusage and certainly not a "misjoinder of another cause of action" within the intent of section 598.2. Under section 598.14, the court has express authority to deal with this property. This section states:

"When a divorce is decreed, the court may make such order in relation to the * * * property * * * of the parties as shall be right."

■ III. What is the effect of not filing a nonmilitary affidavit until after the decree was entered? Under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. App., section 520, in the event of a default of appearance by a defendant, the plaintiff before entering judgment is required to file an affidavit showing whether or not such defendant is in the military service. Irrespective of the affidavit, if a judgment is entered against one in military service and it appears he has been prejudiced by reason of such service from making a defense, such person may within ninety days after termination of the military service, upon showing a meritorious or legal defense,

have the cause reopened. However, vacating, setting aside or reversing any judgment because of any provisions of the section does not impair any right or title acquired by any bona fide purchaser for value under such judgment.

It has been consistently held that this affidavit is not jurisdictional. That a default judgment is not void but merely voidable at the behest of the serviceman. Hynds v. City of Ada ex rel. Mitchell, 195 Okla. 465, 158 P. 2d 907; State ex rel. Smith v. District Court, 55 Mont. 602, 179 P. 831; American Law of Veterans, section 894; Snapp v. Scott, 196 Okla. 658, 167 P. 2d 870. If the affidavit had been filed, the same right of reopening would exist as in case of no filing. In all cases where default judgments are entered, during the continuance of the Soldiers' and Sailors' Civil Relief Act, there is a possibility that they may be reopened where a nonmilitary affidavit is filed. Does this possibility create a cloud on title such as to render a title nonmerchantable? The rule as to merchantable title as stated in Smith v. Huber, 224 Iowa 817, 277 N. W. 557, 115 A. L. R. 131, is whether a man of reasonable prudence, familiar with the facts and familiar with the questions of law involved, would, in the ordinary course of business, accept such a title as can again be sold to a reasonable purchaser. If an affidavit had been filed reliance upon the sanctity of the oath would have satisfied any question as here raised, although the same ''alleged cloud'' existed. The affidavit here filed, although late, states that defendant is not entitled to the benefits of the act. Presumably this affidavit is true.

The mere possibility of a defect, which, according to ordinary experience, has no probable basis, does not show an unmarketable title; the mere possibility or suspicion of a defect is not sufficient if the title is such that it ought to satisfy a man of ordinary prudence. 55 Am. Jur., Vendor and Purchaser, section 167; Buchan v. German American Land Co., 180 Iowa 911, 164 N. W. 119, L. R. A. 1918A, 84.

Finding no error, the decree of the trial court should be and is affirmed.—Affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, SMITH, MANTZ, and MULRONEY, JJ., concur.