[No. 33046. Department One. December 30, 1954.]

DEENA BARBARA HAMMOND, *Appellant*, v. RALPH E. HAMMOND *et al.*, *Respondents.*[1]

[1]Reported in 278 P. (2d) 387.

*John T. Raftis* (*John T. Raftis, Jr.*, of counsel), for appellant.

*Sid Buckley*, for respondents.

OLSON, J.—The mother of two minor children obtained a decree of divorce in the state of Idaho. The summons and complaint in that action were served upon the father personally in the state of Washington, but he made no appearance and was adjudged to be in default. The decree awarded custody of the children to the mother, and, a short time after it was entered, the father took the children from Idaho to his parents' home in Washington and refuses to deliver them to her. She brought this *habeas corpus* proceeding to

regain their custody, relying upon the provision of the Idaho decree. The trial court concluded that this decree is void, and denied her petition. She has appealed.

■ The father pleaded affirmatively the lack of jurisdiction of the Idaho court, alleging that the mother had not established her domicile within that state when the action was commenced or at any time, and that her domicile is in the state of Washington. He relies upon the rule that a state has no jurisdiction over the marital relation in an action between a husband and wife, unless at least one of the parties has a domicile within that state. RCW 26.08.200 [*cf.* Rem. Supp. 1949, § 997-20]. *Wampler v. Wampler,* 25 Wn. (2d) 258, 263, 170 P. (2d) 316 (1946).

■■ That this attack upon a divorce decree granted in another state may be made in a collateral proceeding, is established by *Maple v. Maple,* 29 Wn. (2d) 858, 864, 189 P. (2d) 976 (1948), and cases cited. The record of a judgment rendered in another state may be contradicted regarding the facts necessary to give the court jurisdiction of the subject matter of the action. If it be affirmatively shown that such facts did not exist, the record will be a nullity, notwithstanding the contrary recitals contained in it. *Wampler v. Wampler, supra,* p. 263, and cases cited. The burden of proof is upon the one asserting the invalidity of the decree.

■ Domicile is mainly a question of intent, which may be shown by the testimony of the parties and by the surrounding circumstances. *Maple v. Maple, supra,* p. 864. We stated in *Sasse v. Sasse,* 41 Wn. (2d) 363, 365, 249 P. (2d) 380 (1952), citing authorities:

"A legally competent person may choose his domicile. To acquire a domicile of choice, he must establish a dwelling place with the intention of making it his home. . . . The fact of physical presence at a dwelling place and the intention to make it a home must concur, and, if they do so, the change of domicile takes place. . . . A settled legal relation then exists between the person and the chosen place, expressed by designating that place his domicile. . . . The intention must be to make a home there permanently, with no intention presently to have or seek a permanent home elsewhere."

■ The evidence in the case at bar discloses that the domicile of the parties was in the state of Washington before their marriage in 1949. In September, 1952, the mother left their home and moved, with her children, to the home of her parents in a neighboring community. This separation was occasioned by marital difficulties, the nature or gravity of which is of no concern in the case at bar. In January, 1953, she went to the home of a maternal aunt in Coeur d'Alene, Idaho, and took the children with her. She soon rented an apartment, and found employment which she kept quite steadily. She has remarried and has remained in Idaho.

We cannot say that it has been "affirmatively shown" that the facts necessary to give the Idaho court jurisdiction in the divorce action did not exist. The evidence preponderates against the findings of the trial court in this regard, and its conclusion that the mother had not established her domicile in the state of Idaho is erroneous. This is true, regardless of the circumstances surrounding her removal, shown by the evidence, such as her testimony that she contemplated a divorce when she went to Idaho. This circumstance alone is not controlling upon the question of the establishment of a domicile, where, as in this case, the intention of the party involved to make a permanent home in the state of the new domicile clearly appears. *In re Medbury*, 192 Wash. 462, 464, 73 P. (2d) 1340 (1937).

Nor is the statute regarding the validity of divorces obtained in another jurisdiction pertinent here. It provides, in part, that resumption of "residence in this state within eighteen months after the date of his departure therefrom" shall be *prima facie* evidence of domicile in this state when the divorce action was commenced. RCW 26.08.210 [*cf.* Rem. Supp. 1949, § 997-21]. Here the statutory period had not expired at the time of trial.

■ The trial court also based the denial of the writ upon a further ground that the mother had not established her domicile in Idaho "for six full weeks next preceding the commencement" of her action. Idaho Code § 32-701. This issue arose because of a variance of three days between the

date she alleged and first testified that she originally went to Idaho and her later testimony on the same subject. It is one of the duration of the domicile, and not of its establishment. The latter confers jurisdiction of the marital status, the subject matter in a divorce action. The requirement that domicile must have continued for a certain length of time before a divorce action is commenced, is not jurisdictional. The finding upon the length or duration of the domicile, made by the court entering the decree, is conclusive upon the courts of another state, provided the parties have satisfied the jurisdictional requirement of a domicile within that state at the time the suit is brought. Restatement, Conflict of Laws, p. 168, § 110, comment b; *Robinson v. Robinson*, 70 Idaho 122, 127, 212 P. (2d) 1031, 1034 (1949), and cases cited. See annotation, 2 A. L. R. (2d) 291.

■■ A requirement of residence for a certain period of time does not diminish the jurisdiction of the court, but prescribes a condition or fact which the plaintiff must meet and prove to entitle him to a divorce. *Id.* In this regard, it is analogous to a fact necessary to establish the grounds for divorce. If there is a failure of proof of such fact, the court has no authority to enter a decree, but its jurisdiction is not affected. A judgment entered after such failure of proof is not void, although it may be erroneous. If false testimony is given upon it, so that it can be said that a fraud was perpetrated upon the court, it is that type of fraud which is intrinsic, and the issue cannot be relitigated by a party to the divorce action in a collateral proceeding. See, for analogy, *Peyton v. Peyton,* 28 Wash. 278, 298, 68 Pac. 757 (1902); *Hicks v. Hicks,* 69 Wash. 627, 630, 125 Pac. 945 (1912); *In re Higdon,* 30 Wn. (2d) 546, 554 *et seq.,* 192 P. (2d) 744 (1948), and cases cited; *Batey v. Batey,* 35 Wn. (2d) 791, 798 *et seq.,* 215 P. (2d) 694 (1950).

The trial court was in error in concluding that the Idaho decree of divorce is void. Under its provisions, the mother is entitled to the custody of her minor children.

The issue of the propriety of the parties as custodians of these children was tendered to the trial court. It correctly

refused to decide this question. It is beyond the scope of this proceeding.

The judgment of the trial court is reversed, and the cause is remanded with instructions to issue the writ.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

---

February 8, 1955. Petition for rehearing denied.

