### In re the MARRIAGE OF Sharon and Donald A. BOUSKA.

### Upon the Petition of Sharon BOUSKA, Appellant, and concerning Donald A. BOUSKA, Appellee.

#### No. 3–59709.

Supreme Court of Iowa.

July 29, 1977.

William L. Wegman, New Hampton, for appellant.

Kevin J. Kennedy, Kennedy & Kennedy, New Hampton, for appellee.

RAWLINGS, Justice.

Appeal by petitioner from trial court order setting aside a previously entered marriage dissolution decree for lack of subject matter jurisdiction. We affirm.

November 18, 1972, petitioner, Sharon Bouska, and respondent Donald A. Bouska, were married in Iowa. They resided in this state for some time but in March 1973 moved to Colorado.

In September 1975, Sharon returned to Iowa. About the same time Donald apparently moved to Wyoming.

February 6, 1976, or less than a year after her return to this state, Sharon filed a petition seeking dissolution of the marriage. Petitioner concedes she had not been an Iowa resident for the statutory one year period prior thereto.

February 19, Donald executed an instrument designated "Acceptance of Service of Original Notice", which provides:

"COMES NOW the Respondent, Donald A. Bouska, and I hereby accept service of Original Notice, as provided by the Iowa Rules of Civil Procedure, and I hereby waive the formal service of such Original Notice and consent to the jurisdiction of the Court. This Acceptance of Service of Original Notice should not be construed in any way as being a waiver of any defense or rights which I may possess at this time and is merely accepting service of Notice so as to avoid formal service of Notice in this action."

Respondent filed no motions or answer.

May 20, trial court granted a default decree purportedly dissolving the marriage and awarding custody of the one child to petitioner. Respondent thereupon moved to vacate and set aside this adjudication, alleging the court lacked subject matter jurisdiction. July 16, that motion was sustained and the dissolution decree set aside.

The sole issue before us is whether noncompliance with the one year residence requirement, Section 598.6, The Code 1975, deprived trial court of jurisdiction as to this dissolution proceeding.

I. Our review is de novo. See Iowa R.Civ.P. 334, 344(f)(7).

II. It is now well settled the Iowa statutory minimum residency requirement is not unconstitutional. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). See also Annot., 57 A.L.R.3d 221.

III. Furthermore, absence of such requisite residency negates trial court jurisdiction. *Korsrud v. Korsrud,* 242 Iowa 178, 182–183, 45 N.W.2d 848 (1951). See also J. Peters, "Iowa Reform of Marriage Termination", 20 Drake L.Rev. 211, 222–223 (1971).

Phrased otherwise, the power to adjudicate marriage dissolution proceedings is expressly restricted by § 598.6 and in event of noncompliance therewith a court has no jurisdiction to act upon the matrimonial matter or res. As stated by 1 Vestal & Willson, Iowa Practice, § 8.04 (1974):

"In addition to the limitations which inhere in the concept of subject matter jurisdiction, that is, what types of litigation can be heard by a court, there is an additional limitation which may properly be called special subject matter jurisdiction.

"The district court in Iowa has general jurisdiction over actions for the dissolution of marriage. However, the Iowa district court cannot adjudicate in such a case unless there is jurisdiction over the specific marriage involved. This comes through the residence of one of the parties to the action."

See also 2 Nelson, Divorce and Annulment, § 21.13 (2d ed. 1945); 24 Am.Jur.2d, Divorce and Separation, § 240; 27A C.J.S. Divorce § 75.

■ IV. Like ordinary subject matter jurisdiction, it cannot be conferred by waiver, estoppel or consent. *Lloyd v. State,* 251 N.W.2d 551, 556 (Iowa 1977); *State ex rel. Iowa St. Hwy. Com'n. v. Read,* 228 N.W.2d 199, 202 (Iowa 1975); *Green v. Sherman,* 173 N.W.2d 843, 846 (Iowa 1970); *Bonner v. Reandrew,* 203 Iowa 1355, 1358, 214 N.W. 536 (1927). See also Vestal & Willson, Iowa Practice, § 8.01; Nelson, Divorce and Annulment, § 21.09. See generally 20 Am. Jur.2d, Courts, §§ 105, 139; 21 C.J.S. Courts §§ 23, 116, 118, 119. Any prior holdings by this court to the contrary are hereby overruled.

■ Furthermore, lack of special subject matter jurisdiction may be raised at any time. *Lloyd v. State, supra; Bowen v. Story County Board of Supervisors,* 209 N.W.2d 567, 572 (Iowa 1973). See also *Verney v. Verney,* 53 A.D.2d 608, 383 N.Y.S.2d 905, 907 (1976). This means that where, as in the present case, it is in any manner brought to the court's attention a decree has been entered absent such special subject matter jurisdiction, it must be set aside or vacated and the action dismissed. *Lloyd v. State,* 251 N.W.2d at 558; *Korsrud v. Korsrud,* 242 Iowa at 183, 45 N.W.2d 848; *Snyder v. Snyder,* 240 Iowa 239, 242, 35 N.W.2d 32 (1948); 22 Drake L.Rev. at 222; Code § 598.9.

Petitioner's assigned issue is without merit.

AFFIRMED.

MOORE, C. J., and MASON, LeGRAND and UHLENHOPP, JJ., concur.

McCORMICK, REES, REYNOLDSON and HARRIS, JJ., dissent.

McCORMICK, Justice (dissenting).

I am unable to agree with the majority because I do not believe the durational residency requirement of Code § 598.6 is jurisdictional.

Respondent's motion to vacate the decree and dismiss the petition was predicated solely on a claim the trial court lacked subject-matter jurisdiction. This claim presented an issue of statutory construction. Subject-matter jurisdiction of dissolution actions is conferred on the district court by § 598.2, The Code, which provides:

The district court in the county where either party resides has jurisdiction of the subject matter of this chapter.

This provision does not condition subject-matter jurisdiction upon the duration of residency. We have said the court has jurisdiction of the particular marital relationship if either party is a resident of the county in which the action is brought. We have held the *fact* of residency is jurisdictional, but until today we consistently held the *duration* of residency is not.

Cases in which the court has held the venue requirement of § 598.2 to be jurisdictional include *Larson v. District Court of Marion County,* 243 N.W.2d 617, 618 (Iowa 1976) ("there is no practical distinction in Iowa between jurisdiction and venue as related to marriage dissolution actions"), and *Korsrud v. Korsrud,* 242 Iowa 178, 45 N.W.2d 848 (1951).

Even this restriction on jurisdiction will soon be eliminated. The legislature has enacted an amendment to § 598.2, effective January 1, 1978, to remove venue as a limitation on subject-matter jurisdiction. Acts 67 G.A., 1977 Regular Session, House File 281. As amended by § 1 of the act, § 598.2 will read:

The district court has original jurisdiction of the subject matter of this chapter. Venue shall be in the county where either party resides.

Under § 3 of the act, § 1 operates retroactively to validate dissolutions "entered into in good faith by the parties."

The act is entitled "An act to clarify jurisdiction and venue provisions in cases of dissolution of marriage." The house judiciary committee attached the following explanation to the bill when it was filed:

This bill provides that any district court has jurisdiction in a dissolution of marriage action and that venue shall be in the county of residence of either party. It requires county of residence to be stated in the petition, and it operates retrospectively to validate dissolutions decreed by a district court other than that in a party's county of residence.

A cogent argument can be made that this amendment was enacted to clarify rather than change the meaning of the statute. See *Barnett v. Durant Community School District,* 249 N.W.2d 626, 629–630 (Iowa 1977). In any event, upon its effective date proper venue will not be essential to confer subject-matter jurisdiction on the district court.

If the legislature wished to disapprove our longstanding construction of § 598.6 that the durational residency requirement is not jurisdictional, this amendment would have been the appropriate occasion for it to do so. Instead it made no change in § 598.2 or § 598.6 which would condition district court jurisdiction upon duration of residence.

The durational residency requirement of § 598.6, The Code, is as follows:

Except where the respondent is a resident of this state and is served by person-al service, the petition for dissolution of marriage, in addition to setting forth the information required by section 598.5, must state that the petitioner has been for the last year a resident of the state, specifying the county in which the petitioner has resided, and the length of such residence therein after deducting all absences from the state; and that the maintenance of the residence has been in good faith and not for the purpose of obtaining a marriage dissolution only.

This court held 65 years ago that failure to allege compliance with this requirement is not jurisdictional. See *Richardson v. King,* 157 Iowa 287, 135 N.W. 640 (1912). In the next case in which the issue was raised the court said:

The theory of the defendant is that independent of statute courts are without jurisdiction to grant divorces, and that, as this is conferred in connection with procedure prescribed, this also is jurisdictional, and must be followed strictly. This is undoubtedly correct in so far as the statute conferring jurisdiction exacts that one of the parties must reside in the county. [§ 598.2, The Code.] If, however, one of the parties to a marriage contract resides in the county, jurisdiction of the subject matter is conferred on the district courts, and the statutes relating to its exercise are to be interpreted and construed as are others relating to procedure. *Gelwicks v. Gelwicks,* 160 Iowa 675, 681, 142 N.W. 409, 411 (1913).

The court held that proof of duration of residence under § 598.6 is not jurisdictional and that compliance with what is now § 598.2 is alone sufficient to confer subject-matter jurisdiction. This principle has been consistently recognized in subsequent cases. See *Scott v. Scott,* 174 Iowa 740, 746, 156 N.W. 834, 837 (1916) ("Our statute differs from those in many states in not exacting, as a prerequisite to jurisdiction, residence within the state a specified time."); *Williamson v. Williamson,* 179 Iowa 489, 161 N.W. 482 (1917); *Newcomer v. Newcomer,* 199 Iowa 290, 201 N.W. 579 (1925); *Bristow v. Pagano,* 238 Iowa 1075, 1078, 29 N.W.2d

423, 425 (1947) ("The petition states plaintiff is a resident of Polk County, which under section [598.2] confers jurisdiction over the subject matter.").

In giving a similar construction to a Washington durational residency statute the Washington Supreme Court said:

A requirement of residence for a certain period of time does not diminish the jurisdiction of the court, but prescribes a condition or fact which the plaintiff must meet and prove to entitle him to a divorce. [citation] In this regard, it is analogous to a fact necessary to establish the grounds for divorce. If there is a failure of proof of such fact, the court has no authority to enter a decree, but its jurisdiction is unaffected. A judgment entered after such failure of proof is not void, although it may be erroneous. *Hammond v. Hammond,* 45 Wash.2d 855, 859, 278 P.2d 387, 389 (1954).

Other authorities on this point are collected in Annot., 2 A.L.R.2d 291 et seq., 27A C.J.S. Divorce § 75, and 24 Am.Jur.2d Divorce and Separation § 249 at 404–405 ("It is generally held that compliance with the statute prescribing a period during which the plaintiff must have resided within the state is not 'jurisdictional,' and that noncompliance with the statute does not render a divorce decree void if plaintiff had a bona fide domicil in the state when suit was commenced.").

The majority does not give any reason for rejecting the construction of § 598.6 which we adhered to for 65 years, in which the legislature has acquiesced, and which seems correct. I believe our previous cases accurately construe the provision and should be followed here.

In the present case the § 598.2 requirements for subject-matter jurisdiction were met. Therefore the court had jurisdiction of the subject matter and power to dissolve the marriage. The trial court erred in setting aside the decree and dismissing the petition on the ground of absence of subject-matter jurisdiction.

REES, REYNOLDSON and HARRIS, JJ., join this dissent.