Suarez, P.J.
(concurring). In granting vacatur of the default judgment entered in this heat and hot water proceeding, Civil Court held that the failure to file a nonmilitary affidavit, pursuant to the Soldiers’ and Sailors’ Civil Relief Act of 1940 (50 USC Appendix § 520), prior to the entry of the default judgment “deprives the court of jurisdiction to enter the judgment” and “renders the judgment void ab initia.” Although the issue has apparently not been directly addressed by published state appellate authority in New York, it has been consistently held that the filing of the required affidavit is not jurisdictional, and that a default judgment is not void but merely voidable upon application of the serviceman, contrary to Civil Court’s determination herein. (See *63 PNC Bank, N.A. v Kemenash, 335 NJ Super 124, 761 A2d 118 [2000]; United States v Hampshire, 892 F Supp 1327, 1332 [D Kan 1995]; Desjarlais v Gilman, 143 Vt 154, 463 A2d 234 [1983]; Sarfaty v Sarfaty, 534 F Supp 701, 704 [ED Pa 1982]; Rish Equip. Co. v Reasonover, 1979 WL 207085 [Ohio App 1979]; Courtney v Warner, 290 So 2d 101 [Fla App 1974]; Davidson v General Fin. Corp., 295 F Supp 878, 881 [ND Ga 1968]; Haller v Walczak, 347 Mich 292, 79 NW2d 622 [1956]; Sanchez v Sobieski, 3 Ill App 2d 479, 122 NE2d 602 [1954]; Hudson v Hightower, 307 Ky 295, 210 SW2d 933 [1948]; Allen v Allen, 30 Cal 2d 433, 182 P2d 551 [1947]; Bristow v Pagano, 238 Iowa 1075, 29 NW2d 423 [1947]; Snapp v Scott, 196 Okla 658, 167 P2d 870 [1946]; Lyle v Haskins, 24 Wash 2d 883, 168 P2d 797 [1946]; Mims Bros. v N.A. James, Inc., 174 SW2d 276 [Tex Civ App 1943]; Alzugaray v Onzurez, 25 NM 662, 187 P 549 [1920]; Howie Min. Co. v McGary, 256 F 38 [ND W Va 1919]; State v District Ct., 55 Mont 602, 179 P 831 [1919]; Eureka Homestead Socy. v Clark, 145 La 917, 918, 83 So 190 [1919]; see generally Boone v Lightner, 319 US 561 [1943]; American Law of Veterans § 894, at 706 [1946].)
Davis and Schoenfeld, JJ., concur; Suarez, PJ., concurs in a separate memorandum.