# IN THE COURT OF APPEALS OF IOWA

No. 23-1703
Filed August 7, 2024

**JONATHAN TRACY MEADOR,**
Petitioner-Appellant,

**vs.**

**DI LU,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.

The father appeals the district court ruling vacating an earlier custody decree pursuant to the Uniform Child Custody Jurisdiction Enforcement Act. **AFFIRMED.**

Mark R. Hinshaw of The Law Offices of Mark R. Hinshaw, West Des Moines, for appellant.

Jonathan M. Causey of Causey & Ye Law, P.L.L.C., Des Moines, for appellee.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

After concluding it lacked subject matter jurisdiction when it entered a 2020 custody order regarding N.G.M., the child of Jonathan Meador and Di Lu, the district court vacated the 2020 order. Jonathan appeals, arguing the district court misapplied Iowa Rules of Civil Procedure 1.1012 and 1.1013. Di defends the ruling, arguing the district court appropriately considered the issue of subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) because the parties already had a custody provision in their Chinese divorce decree from 2018. Following our review, we affirm the district court.

**I. Background Facts and Proceedings.**

Jonathan and Di were married in China in 2013 and are the parents of N.G.M., who was born the same year. The parties divorced in China in 2018. The dissolution decree included a custody provision that Di would "foster[]" the parties' child, while Jonathan had "visitation right[s]."

Then, in 2020, when neither party lived in Iowa,[1] Jonathan filed a petition for custody and visitation in the Iowa District Court. In the petition, he stated he had "not participated as a party, witness, or in any other capacity in any other litigation concerning the custody of the minor child in this state or any other state or country" and that Iowa was "the home state of the child and has jurisdiction pursuant to the [UCCJEA]." In her answer, Di denied that Jonathan had not

---

[1] N.G.M. was staying with her paternal grandparents, who live in Iowa, during this time, but neither parent lived in the state with her.

previously participated in a custody action in another country and attached a copy of the Chinese decree.[2]

A few months later, Jonathan filed a stipulated agreement giving the parties joint legal custody of N.G.M. and Jonathan physical care of the child, which the district court approved.

In May 2023, Di moved to vacate the 2020 custody order. She offered alternative theories why she was entitled to relief, including because (1) the district court lacked subject matter jurisdiction to grant Jonathan any relief on his 2020 petition for custody and visitation under the UCCJEA, (2) there was irregularity or fraud practiced in obtaining the 2020 order so it should be vacated under Iowa Rule of Civil Procedure 1.1012(2), and (3) there was an absence of notice to her and lack of an opportunity to be heard before the entry of the 2020 custody order. Jonathan resisted.

At the hearing on the motion to vacate, the Chinese divorce decree was admitted into evidence at the agreement of the parties. When the court asked Jonathan's attorney, "How did the Iowa trial court have jurisdiction of this case?" the attorney "concede[d] that the trial court that entered the original stipulation did not have jurisdiction at that time." But he argued, "I do not think that's the dispositive issue here. I think the dispositive issue is the fact that the parties . . . consented to the jurisdiction at that time."[3]

---

[2] At this point, Di could have availed herself of the protections of Iowa Code section 598B.305 (2020), "Registration of child-custody determination," which would have required the court to file the document as a foreign judgment. *See* Iowa Code § 598B.305(2)(a).

[3] Jonathan does not re-raise this argument on appeal. But we note the parties cannot confer subject matter jurisdiction on the court. *See Klinge v. Bentien*, 725

The district court granted Di's motion to vacate in a written ruling. It noted that the 2020 order treated Jonathan's request as an initial custody determination, which is controlled by Iowa Code section 598B.201. That section states:

> 1. . . . [A] court of this state has jurisdiction to make an initial child-custody determination only if any of the following applies:
>
> a. This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
>
> b. A court of another state[4] does not have jurisdiction under paragraph "a", or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 598B.207 or 598B.208 and both of the following apply:
>
> (1) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>
> (2) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
>
> c. All courts having jurisdiction under paragraph "a" or "b" have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 598B.207 or 598B.208.

Iowa Code § 598B.201.

---

N.W.2d 13, 15 (Iowa 2006); *In re Est. of Falck*, 672 N.W.2d 785, 789 (Iowa 2003) ("Unlike personal jurisdiction, a party cannot waive or vest by consent subject matter jurisdiction."). Rather, "[s]ubject matter jurisdiction is conferred by constitutional or statutory power." *Klinge*, 725 N.W.2d at 15. And "[a] provision of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) provides 'the exclusive jurisdictional basis for making a child-custody determination by a court of this state.'" *In re Marriage of Del Real*, 948 N.W.2d 542, 544 (Iowa Ct. App. 2020) (quoting Iowa Code § 598B.201(2)).

[4] For purposes of the UCCJEA, "[a] court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this article and article II." Iowa Code § 598B.105(1); *see In re Makhlouf*, No. 04-0906, 2005 WL 159159, at *3 (Iowa Ct. App. Jan. 26, 2005) (treating the country of Jordan "the same as a state of the United States").

The court reasoned Iowa was not N.G.M.'s home state in 2020 because, as defined in section 598B.102(7), the home state is "the state in which a child lived with a parent or a person acting as a parent." It was undisputed that Jonathan lived in Taiwan and Di lived in China when Jonathan filed his petition and, while N.G.M. was staying in Iowa with her paternal grandparents at that time, the grandparents were not "person[s] acting as a parent" because that requires both a period of physical custody and that the person "has been awarded legal custody by a court or claims a right to legal custody under the law of" Iowa. *See* Iowa Code § 598B.102(13)(a)–(b). And it recognized that, in 2020, it was not being asked to make an initial custody decision—the 2018 divorce decree predated the 2020 request and "a child-custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this chapter must be recognized and enforced under article III." *Id.* § 598B.105(2). The court concluded: "Subject matter jurisdiction is not discretionary. It cannot be waived by the parties or the court. Because the court lacked subject matter jurisdiction to make an initial custody determination or to modify the custody determination from China, the decree must be vacated."[5]

**II. Standard of Review.**

"We review de novo the district court's determination of jurisdiction under the [UCCJEA]." *White v. Harper*, 807 N.W.2d 289, 292 (Iowa Ct. App. 2011).

---

[5] The court recognized the issue of whether a party committed fraud upon the court in the initial action was not material to the motion to vacate and did not rule on it.

**III. Discussion.**

Jonathan challenges the district court ruling granting Di's motion to vacate the 2020 custody order. He does not contest the court's conclusion that it lacked subject matter jurisdiction to enter the 2020 order; he suggests Iowa Rule of Civil Procedure 1.1012 is the only mechanism for the court to vacate the custody order and points to the one-year time limit to vacate a judgment in rule 1.1013.

But Jonathan is wrong. "If a decree has been entered absent . . . subject matter jurisdiction, it must be vacated." *In re Marriage of Davies*, No. 06-2037, 2007 WL 1828291, at *2 (Iowa Ct. App. June 27, 2007) (citing *In re Marriage of Bouska*, 256 N.W.2d 196, 198 (Iowa 1977)). And "[r]ule 1.1012 is not applicable to a motion to vacate a decree which is void for lack of subject matter jurisdiction." *Id.*; *accord In re Marriage of Thrailkill*, 438 N.W.2d 845, 847 (Iowa Ct. App. 1989) ("[The appellant's] petition to vacate raises jurisdictional questions which, if resolved in his favor, would render the decree void. . . . It is not limited by [now-rule 1.977] or [now-rule 1.1012] or [now-rule 1.1013]"). "A void judgment is one that, from its inception, is a complete nullity and without legal effect." *Opat v. Ludeking*, 666 N.W.2d 597, 606 (Iowa 2003) (citation omitted). And "[a] motion to vacate based on lack of jurisdiction may be raised at any time." *Davies*, 2007 WL 1828291, at *1 (citing *Thrailkill*, 438 N.W.2d at 848). Thus, Jonathan's challenge fails on the first hurdle he faced—subject matter jurisdiction. *See In re P.D.M.*, No. 01-0872, 2001 WL 1503276, at *3 (Iowa Ct. App. Nov. 28, 2001) (finding misconduct cannot result in a grant of subject matter jurisdiction that the court does not otherwise have).

Because Jonathan does not challenge the district court's conclusion that it lacked subject matter jurisdiction to enter the 2020 custody order, and because a ruling entered without subject matter jurisdiction is void and must be vacated, we affirm.

**AFFIRMED.**